LEWIS CLARK, APT., *v.* DAVID CLARK'S EST.

*Where the Witnesses to a Will are the Legatees.*

1. Of the three witnesses to a will, one was a legatee, and another, legatee and heir-at-law of the testator. Under the statute, R. L. s. 2046, it is held that the legacy to the witness who was not an heir was void; but that of the heir, valid.
2. After a will has been probated and no appeal taken, on an appeal from the order of distribution the competency of the attesting witnesses cannot be questioned.
3. The legatee, on the distribution of the estate, is not estopped from proving her heirship, and claiming her legacy.
4. R. L. s. 2046, legacy to witness, void, construed.

APPEAL from the order of distribution by the Probate Court for the district of Randolph. Heard at the June Term, 1881, POWERS, J., presiding. The court, *pro forma*, adjudged that the legacies to Sophronia and Carrie Waterman were avoided by their attestation of the will. The case is stated in the opinion.

*W. A. & O. B. Boyce*, for the defendant.

Questions of this nature should be raised when the will is presented for probate, or it will be too late. The will having been probated and proved, it is conclusive upon all questions as to its execution and validity, and vests title it the devisees. 1 Greenl.

Ev. s. 550; 2 Ib. ss. 672, 692; 44 Vt. 577; 8 N. H. 124; 20 Vt. 73; 40 Vt. 324; 16 Mass. 433; 27 Vt. 749.

*Heath & Carleton*, for the plaintiff.

Sophronia C. was not a competent witness. 1 Jar. on Wills, pp. 105, 109; R. L. s. 2042. The statute of 1852 does not make her a witness. R. L. ss. 1010, 2046.

There is nothing in the case to show that said Sophronia ever asserted her heirship, as a ground for claiming her legacies, until the Probate Court was called upon to make decree of distribution under the will.

The question is, can she be allowed, at this time, to set up her heirship as a ground for claiming her legacies? Can she, for that purpose, set up a fact which involves her own incompetency as an attesting witness of said will, and a fact, too, which, we have a right to presume, if the same had been seasonably brought to the attention of the Probate Court, would have been the ground for its refusing the probate of said will? She is estopped. 33 Miss. 698, 733; 18 La., An., 136, 141.

The opinion of the court was delivered by

VEAZEY, J. The will in this case contained a bequest of $200 to Sophronia C. Waterman, a sister and heir-at-law of the testator; and also a bequest of $400 to Carrie W. Waterman, a daughter of said Sophronia C., and not an heir-at-law of the testator; and these persons were two of the witnesses to the will. The will was duly probated, and no question was then made as to the "competency" of either of said witnesses. The appeal in this case is from the order of distribution by the Probate Court, not from the probate of the will. This appeal is by a brother of the testator, who claims that the legacies to said Sophronia and Carrie cannot pass under the will, but fall back into said estate for distribution to the heirs-at-law.

This is not a proper proceeding in which to raise any question as to the validity of the will on account of the incompetency of the witnesses to it. This question should have been raised when the will was presented for probate. The decree of probate is, as

a general rule, considered as conclusive, and treated as an adjudication *in rem*, in which all persons interested in the question have a right to become parties at any time before the final decision. Redfield on the Law of Wills, Part II., s. 5, p. 55, and cases cited in the notes ; *Woodruff* v. *Taylor*, 20 Vt. 65 ; 1 Greenl. Ev. s. 550. This, however, would not preclude a proper court from revising the decree of the Probate Court allowing or rejecting a will, in an appropriate proceeding ; but this is not such a case. *Goodell* v. *Pike et al.*, 40 Vt. 319.

Therefore, whether the said Sophronia was a competent witness or not, her right and that of her daughter to the legacies respectively given to them must depend on the construction of our statute as to the effect of becoming a witness to a will now made valid by its probate. The statute, R. L. sec. 2046, is as follows :

" If a person other than an heir-at-law attests the execution of a will to whom a beneficial devise, legacy, or interest, of or affecting real or personal estate is given by such will, such devise, legacy, or interest shall, so far only as concerns such person, or a person claiming under him, be void, unless there are three other competent witnesses to such will, and the person whose devise, legacy or interest is thus made void, shall be admitted as a witness as if such devise, legacy or interest had not been made or given."

The said Carrie was a " person other than an heir-at-law." It seems plain to us that as she attested the will and there not being three other witnesses, the legacy to her is void.

But the statute applies only to persons who are not heirs-at-law. Sophronia was an heir-at-law. This not being a proceeding in which her competency as a witness can be questioned, there is no statutory provision rendering the legacy to her void. Our statute differs from the English statute. Instead of the words in our statute, " if any person other than an heir-at-law attests," &c., the English statute reads, " if any person shall attest," &c. 25 Geo. II., c. 6 ; 1 Vict. c. 26 ; and the same difference is found in the statutes of many of the States.

It is claimed that said Sophronia was an incompetent witness to the will, and that if the fact of her being an heir-at-law had

been brought to the attention of the Probate Court the will would have been rejected, and that it was in the nature of a fraud upon the Probate Court for her to allow the probate of the will to take place ; and that she then by so allowing it, in effect claimed that she was not an heir-at-law, and is estopped now from setting up her heirship as the ground upon which her legacy was not rendered void ; and counsel cite *Carradine* v. *Carradine et al.*, 33 Miss. 698; and *Devall* v. *Succession of Waterston*, 18 La., An., 136.

Only one witness was used at the probate of the will, and Sophronia was not that witness. The decree of distribution was not made upon her petition ; and the parties to this appeal are the brother of the testator, and the estate. She is interested, but is not a party of record, and it is not shown that she has appeared even as a witness in this proceeding. Therefore the facts do not leave much ground to base the claim upon. But in any event, we do not apprehend that the fact of her incompetency as a witness to the will, (if she was incompetent) which seems to have been waived and is not a question now involved, is any ground for the Probate Court to disregard the provision of the will and the statutes of the State in making a decree of distribution.

The *pro forma* judgment of the County Court is reversed with costs to the appellant, and it is adjudged that the said Sophronia is entitled to the legacy given to her in the will of David W. Clark ; and that the will is void as to Carrie A. Waterman, and that she takes nothing thereunder ; and this is to be certified to the Probate Court.