## KAUFMAN ET AL. v. MURRAY.

[No. 22,390. Filed June 4, 1914. Rehearing denied November 11, 1914.]

1. WILLS.—Validity.—Competency of Witnesses.—Husband of Beneficiary.—Under §3144 Burns 1914, §2586 R. S. 1881, providing that a witness beneficially interested may be compelled to testify when necessary, the husband of a beneficiary may be a competent witness to the execution of a will, and hence a will providing for a number of beneficiaries, and attested by only two witnesses, is not invalid because one of such witnesses is the husband of one of the beneficiaries. (Belledin v. Gooley [1901], 157 Ind. 49, distinguished.)   p. 373.

From Huntington Circuit Court; James T. Merryman, Special Judge.

Action by Laura I. Murray against Anna M. Kaufman and others. From a judgment for plaintiff, the defendants appeal. Reversed.

C. W. Watkins and R. A. Kaufman, for appellants.
Fred H. Bowers and Milo N. Feightner, for appellee.

MORRIS, J.—Maria O. Murray died testate leaving appellant Anna M. Kaufman, and appellee Laura I. Murray as her sole heirs. By her will, admitted to probate, decedent

devised one-half of her estate, in fee simple, to Mrs. Kaufman, and the other half to appellee, for life, with remainder to Mrs. Kaufman's children by a husband of a former marriage. The will was attested by only two witnesses, one of whom was the husband of Mrs. Kaufman.

Appellee instituted this action to contest the will on the sole ground of undue execution. §3154 Burns 1914, Acts 1911 p. 325. The third paragraph of complaint proceeded on the specific theory that the will was invalid because Mr. Kaufman was not a competent witness of its execution. The court overruled appellant's demurrer to this paragraph. Appellants answered by a general denial, and a plea of estoppel. There was a verdict and judgment for appellee. The court instructed the jury that Mr. Kaufman was not a competent witness and that consequently the will was not valid. If this instruction was erroneous, the judgment must be reversed.

By §525 Burns 1914, §501 R. S. 1881, where a wife is a party to an action, and is incompetent to testify in her own behalf, her husband is excluded, and appellee claims

1. that by virtue of such section, and of §§522, 3132 Burns 1914, §§499, 2576 R. S. 1881, Mr. Kaufman was an incompetent witness, and consequently the will fails for want of the required attestation. *Belledin* v. *Gooley* (1901), 157 Ind. 49, 60 N. E. 706, and authorties cited. If the question depended entirely on the provisions of the above three sections, it would necessarily follow that the contention is correct, but §3144 Burns 1914, §2586 R. S. 1881, provides that a witness beneficially interested may be compelled to testify when necessary. The statute deprives him however, of taking any property of the decedent other than what he would have taken by the law of descent. The proper construction of this section has been considered by this court in the recent case of *Wiley* v. *Gordon* (1914), 181 Ind. 252, 104 N. E. 500, and, under the doctrine there declared, Mrs. Kaufman, had she attested the will, would have been a competent

witness and, it necessarily follows that, under such doctrine, the husband would not be excluded where the wife is the beneficiary. In *Belledin* v. *Gooley, supra,* it was correctly held that the wife of a sole beneficiary of a will was not a competent witness, but this was because §3144 Burns 1914, *supra,* can not apply to such a case, for by the terms of the section the named beneficiary could not take under the will, and as a result there would be no property to which the devise or legacy could apply. *Robertson* v. *Robertson* (1889), 120 Ind. 333, 336, 22 N. E. 310. Here there were four beneficiaries, and the provisions of §3144 are applicable, with the result of making Mr. Kaufman a competent witness. *Wiley* v. *Gordon, supra.* The trial court erred in overruling the demurrer and in instructing the jury. Judgment reversed with instructions to sustain appellants' demurrer to the third paragraph of complaint and to grant a new trial.

NOTE.—Reported in 105 N. E. 466. As to the attestation and witnessing of wills, see 10 Am. Dec. 516; 114 Am. St. 209. See, also, 40 Cyc. 1112.