[No. 20570.   Department Two.   April 26, 1927.]

THE STATE OF WASHINGTON, *on the Relation of Katie Schirmer et al., Plaintiffs,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Defendant.*[1]

[1] WILLS (39)—PROBATE—COMPETENCY OF WITNESS—EVIDENCE—ADMISSIBILITY.   Rem. Comp. Stat., § 1408, making devises and gifts to a subscribing witness to a will void unless there be two other competent witnesses, restores the competency of a subscribing witness to whom a legacy is made, although the legacy to him is avoided.

[2] SAME (39).   One named as an executor in a will is competent as a subscribing witness.

[3] SAME (15-1)—CODICIL—IDENTIFICATION.   A so-called codicil, in no way connected with a will so as to identify it, is properly rejected.

Certiorari to review an order of the superior court for Spokane county, Lindsley, J., entered March 22, 1927, denying the competency of one named as beneficiary and executor in a will to testify to its execution. Reversed.

*Corkery & Corkery,* for appellants.

FRENCH, J.—The facts in this case are sufficiently stated in the following part of the memorandum opinion of the trial court:

"In this matter there is offered first the alleged will of the deceased dated February 28, 1926, executed in the presence of George M. Nethercutt and C. E. Schirmer, as attesting witnesses, and an alleged codicil to said will, but separated and detached therefrom, dated October 1, 1926, and appearing to be signed by the deceased in the presence of George M. Nethercutt and C. E. Schirmer as attesting witnesses, being the same attest-

[1]Reported in 255 Pac. 960.

ing witnesses subscribing as such to the said alleged will dated February 28, 1926.

"In the last alleged codicil, no particular reference is made to the alleged will of February 28, 1926, or to any will, and the only connection, if any, with the will of February 28, 1926, must be implied from the reference in the said alleged codicil to the beneficiary named in said alleged will.

"In said alleged will of date February 28, 1926, the attesting witness C. E. Schirmer is made beneficiary to the extent of one-half of the residue of the estate of the deceased, and is also named as executor of the alleged will, to act as such as under a non-intervention will and without bond.

"In contemplation of the possible illegality of the alleged will, of date February 28, 1926, hereinbefore referred to, proponents offer with proof of its execution by the deceased, a previous will executed at Kalispel, Montana, on August 13, 1924, and the question presented is whether either of said wills, or if either, then which one will be admitted to probate in this court as the last will of the deceased.

"Giving consideration first to the alleged will of date February 28, 1926, and the alleged codicil offered therewith, it appears that the attesting witness to each of said alleged will and codicil, i. e., C. E. Schirmer, is by his beneficial interest therein, being named both a principal beneficiary and also executor, disqualified entirely as a witness thereto, and that without his attestation and testimony as a witness the said alleged will lacks proper or sufficient attestation and proof to constitute it the will of the deceased.

"In case of the witness and beneficiary C. E. Schirmer, it appears that he is the grandson of the deceased; that his mother, a daughter of the deceased is living, and that if the deceased had died intestate he, the said C. E. Schirmer, would not be an heir at law of the deceased or entitled directly to any share in her estate."

[1] The question to be decided in this case is, Was C. E. Schirmer a competent witness to the will, being

named both as a beneficiary and as executor? The rule is so well settled both at common law and by the decisions of the various state courts that it requires no citation of authority that competency is to be determined as of the date of the execution of the will.

At common law, the beneficiary under a will was rendered incompetent as a witness by reason of such interest, and if the will could not be proven by a sufficient number of other witnesses, so that the incompetent witness was necessary, then the will failed. The practice grew in some of the common law courts of permitting a witness to renounce his interest under the will, and thus restore competency. This was in line with the rule generally followed at that time that a witness rendered incompetent because of an interest in the subject-matter could be rendered competent by renouncing that interest. 1 Greenleaf on Evidence (14th ed.), p. 426. The uncertainty arising from the fact that some courts refused to follow this rule, and the abuses that grew up thereunder, resulted in the enactment of a statute (25 Geo. II, C. 6.), the result of this statute being that the rule was changed so that the will no longer failed, but the competency of the witness was restored and the legacy failed. This statute has, in effect, been enacted in most of the states, our statute Rem. Comp. Stat., § 1408 [P. C. § 10035], being as follows:

"All beneficial devises, legacies, and gifts whatever, made or given in any will to a subscribing witness thereto, shall be void unless there are two other competent witnesses to the same; but a mere charge on the estate of the testator for the payment of debts shall not prevent his creditors from being competent witnesses to his will. If such witnesses, to whom any beneficial devise, legacy or gift may have been made or given, would have been entitled to any share in the testator's estate in case the will is not established, then so much

of the estate as would have descended or would have been distributed to such witness shall be saved to him as will not exceed the value of the devise or bequest made to him in the will; and he may recover the same from the devisees or legatees named in the will in proportion to and out of the parts devised and bequeathed to him.''

If it were not the purpose of this statute to render the witness competent, there could have been no reason for its enactment. The construction placed on statutes such as this by the courts generally, is that the competency of the witness is restored by the statute, and his legacy is voided by the statute. *In re Knutson's Estate,* 144 Minn. 111, 174 N. W. 617; *Jackson v. Woods,* 1 Johns. Cas. (N. Y.) 163; *Swanzy v. Kolb,* 94 Miss. 10, 46 South. 10, 136 Am. St. 568; *Kaufman v. Murray,* 182 Ind. 372, 105 N. E. 466; *In re Klein's Estate,* 35 Mont. 185, 88 Pac. 798; Schouler on Wills (6th ed.), § 537.

[2] The question of whether a person named as executor of a will is a competent witness is one that has been decided both ways. The greater weight of authority seems to be that such a witness is competent. It is apparent that the executor takes nothing under the will except an office or trust. Otherwise, in the event of his death before qualifying, his heirs would be entitled to such interest. All he takes from the will is a nomination and appointment to office. The law, not the will, provides the payment for his services. *Sears v. Dillingham,* 12 Mass. 357; *In re McDaniel's Will,* 2 J. J. Marsh. (Ky.) 331; 40 Cyc. 1113; 28 R. C. L., 90.

[3] The so-called codicil to the will is not in this case connected with the will in any way sufficient to identify it, and its rejection was therefore proper.

We hold that the witness C. E. Schirmer is competent as a witness, but the statute prohibits him from taking any of the estate under the will. That, however, does

not disqualify him as executor, and the will of February 28, 1926, should be admitted to probate.

The judgment is reversed.

MACKINTOSH, C. J., PARKER, TOLMAN, and MITCHELL, JJ., concur.