IN RE FRANKLIN A. KNAPP'S WILL.

February Term, 1929.

Present:   WATSON, C. J., POWERS, SLACK, MOULTON, and WILLCOX, JJ.

Opinion filed May 18, 1929.

144

*Edward J. Shea, Jr.*, and *Carpenter & Clawson* for the contestants.

*Frank E. Barber* and *Ernest W. Gibson, Jr.*, for the proponent.

WILLCOX, J. This case was tried in county court on appeal from the probate court and comes here on exceptions, by the contestant, to rulings of the court below and to the judgment order thereof, allowing *in toto*, as the last will and testament of the deceased, the document in question.

Briefly the facts are these: The proponent, Clayton F. A. Knapp, is the son and heir at law of the deceased, and is named in the fourth paragraph of said will as the sole residuary legatee thereunder. The contestant is a daughter and heir at law of said deceased. The will was attested by three witnesses only, one of whom is Mrs. C. F. A. Knapp, the wife of the proponent, and not an heir at law of the deceased.

Only two questions are presented by the record in this case. First, is a legatee who is an heir at law of the testator, and whose wife is one of the only three attesting witnesses to said will, entitled to take under said will by virtue of the statutes of this State? The other point is, whether the foregoing proposition is not a matter more properly to be determined upon

decree of distribution than upon probate of will? As will be seen, the first point mentioned involves the determination of the question of whether the will of the testator is valid *in toto* or only in part. We hold that the first question was properly raised on proof of the will. *Clark* v. *Clark's Estate*, 54 Vt. 489.

By the judgment of the court below the will was allowed *in toto*. The contestant excepts to this judgment, not questioning the competency of the proponent's wife to have been improved as a witness, but relies upon the construction of our statute, herein later to be referred to.

The proponent, in support of the judgment below, urges this Court to disregard a literal construction of our statute, and argues that, inasmuch as the statute by plain implication and the holding of this Court in *Clark* v. *Clark's Estate, supra,* does not invalidate a bequest made by a testator to his heir at law when such heir at law is one of the only three attesting witnesses, it would be an absurdity to hold invalid such a bequest when the wife of such an heir at law is the attesting witness, as in this case. The statute in question, G. L. § 3211, reads as follows:

"If a person, other than an heir at law, attests the execution of a will, to whom, or to whose wife or husband, a beneficial devise, legacy or interest, of or affecting real or personal estate is given by such will, such devise, legacy or interest shall, so far only as concerns such person, or the wife or husband of such person, or one claiming under such person or such wife or husband, be void unless there are three other competent witnesses to such will and such person so attesting shall be admitted as a witness, as if such devise, legacy or interest had not been made or given; but a mere charge on the real or personal estate of the testator, for the payment of debts, shall not prevent his creditors from being competent witnesses to his will."

This statute took its present form in 1884, by way of an amendment to a then existing statute. And in respect to the spouse of an attesting witness taking is like the English Statute (Section 15 of the Wills Act of 1838) and that of some of our sister states. We do not find, nor has there been called to our attention, a single case that holds that the spouse of an attesting witness, there not being a sufficient number of other competent

witnesses, is entitled to take under such restrictive provisions as are present in our statute. On the contrary there is a long line of cases holding that a devise or legacy to the husband or wife of the attesting witness shall be void. *Wigan* v. *Rowland* (1853), 11 Hare, 157, 68 Eng. Reprint 1229, 1 Eq. Rep. 213, 17 Jur. 910, 1 Week. Rep. 383; *Anderson* v. *Anderson* (1872), L. R. 13 Eq. (Eng.) 381; *In re Townsend* (1886), L. R. 34 Ch. Div. (Eng.) 357, 56 L. J. Ch. (N. S.) 227, 55 L. T. (N. S.) 674; *Alpin* v. *Stone* (1904), 1 Ch. (Eng.) 543, 4 B. R. C. 704, 73 L. J. Ch. (N. S.) 456, 90 L. T. (N. S.) 284; *Moore* v. *McWilliams* (1850), 24 S. C. Eq. (3 Rich. Eq.) 10; *Key* v. *Weatherbee* (1895), 43 S. C. 414, 21 S. E. 324, 49 A. S. R. 846. A large number of cases touching the point here decided are found in Annotated Cases, 1917A 832, and 25 A. L. R. 310.

Notwithstanding the statute in question places the heir at law, acting as an attesting witness, in a favored class, as was held in *Clark* v. *Clark's Estate, supra,* we cannot by construction place an heir at law whose wife is the attesting witness in the position he would have been had he been such attesting witness instead of his wife, without doing violence to the plain and unequivocal language of our statute. We are not concerned with the justice or reasonableness of the statute. If the Legislature had intended to place the heir at law in as favored position when the spouse of such heir at law was the attesting witness as it does when such heir at law is the attesting witness, apt words could have been found to that effect.

To read something into the statute or to hold the instant case without the statute, though clearly within its letter, would be a plain case of judicial legislation.

*The judgment of the county court is reversed, with costs to the appellant, and it is adjudged that the instrument in question is the last will and testament of said Franklin A. Knapp, and that said instrument is void as to Clayton F. A. Knapp, and that he take nothing thereunder. Let this result be certified to the probate court.*