**KRAUSE et al. v. KRAUSE et al.**

No. 9493.

Court of Civil Appeals of Texas. Austin.

Feb. 21, 1945.

Rehearing Denied March 14, 1945.

Aubrey Morris, of Waco, for appellants.

E. A. Camp, of Rockdale and Thos. W. Thompson, of Giddings, for appellees.

BAUGH, Justice.

Appeal is from the judgment of the district court against the appellants, contestants in the court below of the probate of the will of M. Krause, deceased.

Only two points of error are presented. One complains of the exclusion under Art. 3716, R.C.S., of proffered testimony. The other complains of the action of the trial court in sustaining the objections of appellees' counsel to certain argument of appellants' counsel to the jury; and instructing the jury not to consider it.

The following facts appear: On February 20, 1934, M. Krause executed a will wherein he devised to his grandson Herbert Krause and his wife Olga Krause, 232 acres of land in Lee County, and designated personal property, on condition that Herbert and his wife Olga take care of the testator the rest of his life without charge, and upon his death pay to his estate the sum of $4,000. After making designated bequests to the Lutheran Synod, he provided in paragraph 7 of said will that the residue of his estate be divided equally between his eight named children, among them Emma Zoch, wife of H. T. Zoch. By codicil, dated December 6, 1937, he revoked paragraph 7 of the original will, made bequests of $2,000 each to five of the children named in said paragraph 7, and provided: "My children Gerhard Krause, Martha Walther, and Emma Zoch shall receive nothing from my estate for the reason that I have already paid them as much as is here being provided for those receiving bequests."

The will and codicil were admitted to probate on July 6, 1943; thereafter on June 30, 1944, contest was filed in the probate court, denied by that court, and appeal taken to the district court, where the case was tried to a jury on special issues, which were answered against the contestants, and judgment entered sustaining the action of the probate court. The will was attacked

on the ground that it was the result of undue influence over the testator by Herbert Krause and wife, Olga; and the codicil on the ground that when executed the testator was mentally incompetent. Only the issue of undue influence was submitted to the jury.

The proffered testimony, exclusion of which is complained of, was that of H. T. Zoch, husband of Emma Zoch, both of whom were parties to the suit, concerning certain conversations H. T. Zoch had with the testator, M. Krause, sometime in 1934. It is not controverted that the conversation constituted a transaction with the deceased within the meaning of Art. 3716; nor that Emma Zoch, one of the children and heirs of the testator, would have profited under the law of descent and distribution had the probate of the will been denied. This case in that regard comes clearly within the holdings of Holland v. Nimitz, 111 Tex. 419, 239 S.W. 185; Ragsdale v. Ragsdale, Tex.Sup., 179 S.W. 2d 291, and Whatley v. Whatley, Tex.Civ. App., 169 S.W.2d 989 (writ ref.). Clearly Emma Zoch would be barred by the statute from testifying as to any transaction with the deceased. But appellants urge that under the holdings in Mitchell v. Deane, Tex. Com.App., 10 S.W.2d 717, and Kennedy's Estate v. Richardson, Tex.Civ.App., 41 S.W.2d 95, her husband, H. T. Zoch, was not precluded from testifying as to transactions between him and the deceased. The cases cited hold that in a suit by the husband to recover his separate estate, the wife is not precluded from testifying under the dead man's statute. A different rule applies, however, to the husband who has joined his wife in a suit involving her separate estate. The latter question was directly before this court in Davis v. Roach, Tex.Civ.App., 138 S.W.2d 268, and we there held that the husband, under the statute being a proper and actual party under Art. 3716 to such suit where his wife's separate estate is involved, does come within the inhibitions of Art. 3716 as to transactions with the deceased. We refer to that case as concluding that matter, without further discussion here. The trial court, therefore, properly so held.

The second point presented relates to argument of appellants' counsel. Appellants' witness, Martin Hempel, husband of a granddaughter of testator, testified that he had a conversation with testator in September, 1934, wherein testator talked of getting married, but that Olga was treating him "as a wife, and for that reason he didn't think that Herbert and Olga would want him to get married. He said they wouldn't let him, they wouldn't permit him." Appellees' counsel, in his argument to the jury, asked why contestants had only one witness, Hempel, to testify concerning any improper relationship between testator and Olga, implied by such remark of testator. In reply to this argument appellants' counsel stated, "then, why didn't they put Olga on the stand to deny it." Upon objection by appellees' counsel to this argument on the ground that Olga was precluded from testifying by Art. 3716, the court instructed the jury not to consider such argument. We think the argument was not only invited but was permissible; and that the error was clearly harmless. Obviously appellants could not have called Olga as a witness to testify on the issue of undue influence by her over the testator. But the inhibitions of Art. 3716 are not absolute. That article authorizes testimony as to transactions of an interested party with the deceased when "called to testify thereto by the opposite party" and such "opposite party" could have called her as a witness had they so desired.

So far as disclosed by the agreed statement of facts, the testimony of Hempel was the only testimony offered by contestants on the issue of undue influence. In view of the uncontroverted facts and circumstances, if accepted as true, it was wholly insufficient as a matter of law to sustain a finding of undue influence, if such finding had been made by the jury.

While the age of the testator at the time he executed the will and the codicil was not shown, obviously he was in his declining years. It may also be assumed that Herbert and Olga Krause were familiar with the terms of the will which required them, as a condition of the devise, to them, to take care of testator without charge for the rest of his life and upon his death to pay to his estate the sum of $4,000. It was but natural that they would object to his marriage at such an advanced age. If testator made the statement to Hempel attributed to him it could reasonably be construed to mean, and probably did mean, that Olga was taking as good care of him as a wife could or would should he remarry; that she and Herbert would object to his bringing a wife into the household to live with them; and that

such was not contemplated under the terms of the will, which indicate that in all probability the devise was made pursuant to an agreement or understanding between testator and Herbert and Olga Krause with whom he was then living and thereafter continued to live. Such statement, therefore, if made, would, in our opinion, constitute no probative evidence of undue influence; and the trial court would have been warranted in instructing a verdict against the contestants, as requested by appellees. The error asserted, therefore, if conceded to be such, was harmless, and the judgment of the trial court is affirmed.

Affirmed.