[No. 32289. Department Two. February 27, 1953.]

*In the Matter of the Estate of* HENRY WILTZIUS, *Deceased.*
KATIE RICHARDSON *et al., Appellants,* v. ROBERT DANSON
*et al., Respondents.*[1]

*A. O. Colburn* and *Joseph A. Simpson*, for appellants.

*Joseph E. Hurley*, for respondents.

FINLEY, J.—This is a will contest under the provisions of RCW 11.24.010. The contest, initiated by brothers, sisters, and a niece of Henry Wiltzius, the testator, arose after his will was admitted to probate. The trial court held that the will was valid in all respects. The contestants have appealed.

[1] Reported in 253 P. (2d) 954.

Appellants' principal contentions are: (a) The decedent lacked testamentary capacity; (b) undue influence vitiated the will; (c) one of the attesting witnesses was disqualified to act as such because he was named as one of the executors of the nonintervention will of the deceased; and (d) the bequests in the will and the provisions respecting a residuary legatee are subject to a condition which amounts to an illegal restraint against alienation of land, consequently, that the bequests and the provision for the residuary legatee are void, and, in fact, the will itself therefore is void and a legal nullity.

The trial court permitted considerable leeway in the admission of testimony against the validity of the will. The contestants claimed that Henry was subject to dizzy spells; that he was a slow person mentally, and did not understand or grasp concepts readily; that he never acquired facility in repairing farm machinery, and that he could not dig a straight post hole. Much of the testimony bearing on these claims covered a period of many years prior to the execution of the will. It certainly shows that Henry Wiltzius was an eccentric person. His literacy was limited. He was filthy in his personal habits and kept his house in about the same condition as a hog pen. He was miserly, and had an overwhelming passion to acquire and save money. The foregoing and other somewhat less dramatic traits were emphasized as indications of lack of testamentary capacity.

Of the appellants' expert witnesses, Dr. Smick, who had treated and had known Henry for a number of years, testified that Henry's mentality was good and that he was competent to make a will. However, there is some conflict in Dr. Smick's testimony to the effect that Henry was disorientated on being admitted to the hospital on October 12, 1949, and that a possible uremic condition might have confused him mentally. Dr. Lee, who operated on Henry shortly after the will was executed, testified that in his opinion the testator was rational and competent. However, Dr. Lee's testimony was conflicting in some other respects. Dr. Olson testified that Henry suffered from arteriosclerosis,

and there was some possibility the disease might have impaired his mental capacity. Dr. Olson's testimony was also conflicting because he made it clear that a person suffering from such a disorder might still be competent to make a will.

In support of the will, witnesses were called who had transacted business dealings with the testator over a period of years. The gist of their testimony was that Henry was competent. Obviously, the trial court was impressed by the testimony of the latter-mentioned witnesses. Findings of fact were entered to the effect that the testator was competent and possessed of the necessary testamentary capacity.

We have held that the right of an individual to dispose of his property as he chooses is a valuable one, entitled to protection by law. *In re Miller's Estate*, 10 Wn. (2d) 258, 116 P. (2d) 526. It is hornbook law in this jurisdiction that will contestants must support their contentions, based on alleged lack of testamentary capacity, by evidence of a quality that is clear, cogent, and convincing. *In re Miller's Estate, supra; In re Schafer's Estate*, 8 Wn. (2d) 517, 113 P. (2d) 41; *In re Bottger's Estate*, 14 Wn. (2d) 676, 129 P. (2d) 518. Capacity and not reasonableness of the will determines its validity. Atkinson on Wills 206, § 90. In the *Bottger* case (p. 687), it was pointed out that a testator "does not have to be a literarian, a financial genius, an athlete, or an expert cook in order to qualify as possessing capacity to make a will."

The principle that the findings of the trial court will not be disturbed unless the evidence preponderates against them, is too well established to require citation of authorities. The trial judge, in his memorandum decision, was of the opinion that the will contestants had not met their burden of proof adequately. His disposition of the phase of the case relating to testamentary capacity appears to have been based upon the testimony of businessmen with whom the testator had dealt in his lifetime, with the added fact that the doctors attending the testator at the time the will was executed did not state clearly and convincingly that he was incompetent or lacking in testamentary capacity. In

other words, the trial judge found that the testator was competent to make the will. As was said in the case of *In re Dand's Estate*, 41 Wn. (2d) 158, 163, 247 P. (2d) 1016:

"This case is a striking example of the wisdom of our rule that the trial court, having the witnesses before it, is in a better position to arrive at the truth than is the appellate court."

We are not convinced that the trial court's disposition of the matter of testamentary capacity should be disturbed.

Our review of the record in the case at bar also compels us to agree with the trial court regarding the matter of undue influence. In this connection, the trial judge, in his memorandum opinion, stated:

"During the trial of the case I took extensive notes of the testimony and have since read the several depositions which are in evidence and I can find nothing in the record which rises to the dignity of evidence indicating that the testator was induced to execute the will as the result of undue influence exerted by any person. The 'clear, cogent and convincing' rule of evidence applies in full force to the present situation. The burden is upon the contestants and they have, in my opinion, failed to meet that burden."

Appellants contend that the will was not properly attested because it was a nonintervention will and was witnessed by one of the executors. This boils down to an argument that a nonintervention executor has such a broad and uncontrolled discretion, and at the same time such a personal interest under the will or in connection with its probate, to render him incompetent as an attesting witness. Appellants concede that the case of *State ex rel. Schirmer v. Superior Court*, 143 Wash. 578, 255 Pac. 960, is against their contention. It is urged that the *Schirmer* case should be distinguished or overruled. We do not agree. First, although the *Schirmer* opinion does not emphasize the fact, we note that the will there involved was actually nonintervention in character. Consequently, the *Schirmer* case is not to be distinguished on the basis indicated by appellant. Second, a nonintervention executor is not entirely uninhibited, or free from supervision by the courts. RCW 11-

.68.030 provides an adequate restraint respecting any inappropriate action by an executor under a nonintervention will.

■ Lastly, appellants contend that the bequests in the will are subject to an illegal condition which amounts to an unlawful restraint against alienation; that there is no limitation over to any other person upon failure of the unlawful conditions, and that the residuary clause is subject to the same unlawful condition. On the basis of these contentions, appellants urge that the will of Henry Wiltzius is void and a complete legal nullity. It is argued that the void nature of the will presents a question that can be heard and determined in the present will contest proceedings under RCW 11.24.010. We do not agree.

While there may be considerable merit in the thought that questions relative to the construction of specific provisions of a will could well be raised in probate or will contest proceedings, to avoid a multiplicity of lawsuits and to save time and expense for litigants and the courts, nevertheless, the authorities are clearly against appellants' contention in this respect, and we have so held in this state.

In 2 Page on Wills (3d. Lifetime ed.) 203, 205, § 639, it is said:

"If the instrument is testamentary in character, and if the interest of contestant appears, the court has no power, at probate or contest, to construe the will for the purpose of determining its effect and operation. In a proceeding to probate a will, or to contest it, the court has no power to determine the validity or effect of certain legacies or devises in the will, or whether the provisions of the will are sufficient to pass title in accordance with the intention of the testator . . .

"The court can not determine the effect of a condition attached to a gift, or what property passes thereunder . . . or whether a devise is sufficiently certain."

In 1 Bancroft's Probate Practice (2d ed.) 436, 439, § 180, we find the following:

"The court cannot ordinarily construe the will or attempt to distinguish between valid and void dispositions; and must admit such will to probate unless it can be successfully at-

tacked because of undue influence, fraud, or any other factor which would prove the will to be invalid in its inception."

Reduced to essentials, RCW 11.24.010 permits questions to be raised in probate or will contest proceedings relative to (a) testamentary capacity, (b) undue influence, (c) fraud, or (d) "for any other cause affecting the validity of the will." In the case of *In re Elliott's Estate*, 22 Wn. (2d) 334, 357, 156 P. (2d) 427, 157 A. L. R. 1335, this court stated, with regard to (d), *supra:*

"Furthermore, it is now our considered opinion that the term 'validity,' as used in that clause in Rem. Rev. Stat., § 1385, reading 'or for any other cause affecting the validity of such will,' has reference only to the genuineness or legal sufficiency of the will under attack, raising the question whether the will is legally sufficient in form, contents, and compliance with the statutory requirements as to execution; it does not relate to the operative effect of the will or the period of its operation."

Appellants' other assignments of error have been considered. They appear to us to be without merit and will be disposed of without further discussion.

The judgment of the trial court is affirmed.

GRADY, C. J., SCHWELLENBACH, HAMLEY, and DONWORTH, JJ., concur.

---

March 31, 1953.   Petition for rehearing denied.