Anton KRAHL and Steve Krahl, Appellants,

v.

Maurice J. LEHMANN et al., Appellees.

No. 12812.

Court of Civil Appeals of Texas.

San Antonio.

March 16, 1955.

Rehearing Denied April 13, 1955.

Fuchs & Riedel, Sehlcyer & Bartram, New Braunfels, for appellants.

Davis, Clemens, Knight & Weiss, James L. Drought, Dilworth & McKay, W. Pat Camp, Walter Stout, Robert D. O'Callaghan, San Antonio, Joe H. Reynolds, Houston, for appellees.

POPE, Justice.

This is a will contest which was tried before a jury. The will was admitted to probate and, thereafter, appellants filed a suit under Article 5534 to contest the validity of the will. A reversal of the court's judgment, which sustained the validity of the will, is sought on the grounds that (1) two credible witnesses, as required by Article 8283, Vernon's Ann.Civ.Stats., did not witness the will, (2) counsel for appellees probably caused harm in arguing the effect of Article 3716, the dead man statute, and (3) the evidence failed to overcome a presumption of undue influence which arises when a fiduciary both writes and benefits from a will.

On June 24, 1952, Flora Krause executed her will and it was witnessed by Temple O. Burrier and Otto Lockstedt. Burrier was in all things both competent and credible. Lockstedt's wife was one of several beneficiaries under the will. By the will she received "$400, provided she keeps and properly cares for me (the testatrix) until my death * * *." She and her husband were in no way related to the testatrix.

The contestants reason that the will must fail by reason of a lack of two credible attesting witnesses. They urge that Lockstedt, one of the two witnesses, was not a credible or competent witness because his wife is one of several beneficiaries under the will. Lockstedt is joined with his wife as a party to the suit.

Article 8283, in its requirement that two or more "credible" witnesses must subscribe a formal will, means, under the settled law of Texas, that the witnesses must be "competent." It means that they

must be able to tell about the attestation. Gamble v. Butchee, 87 Tex. 643, 30 S.W. 861; Brown v. Pridgen, 56 Tex. 124; Fowler v. Stagner, 55 Tex. 393; Nixon v. Armstrong, 38 Tex. 296; Scandurro v. Beto, Tex.Civ.App., 234 S.W.2d 695.

Gamble v. Butchee, supra, holds that the wife of an attesting witness to a will was competent to testify though the will devised property to her husband. The Court, in announcing that rule, distinguished situations with reference to the husband's separate property when the wife need not be joined with the husband as a party, and situations involving community property or when the husband is joined with the wife in suits about her separate property. In the instant case the property bequeathed to the wife would be her separate property. Yet in the case of the wife, though the suit concerns her separate property, the settled law of Texas requires the joinder of her husband, and that joinder as a party renders his testimony incompetent as to transactions with the testatrix. Leahy v. Timon, 110 Tex. 73, 215 S.W. 951; Parks v. Caudle, 58 Tex. 216; Garcia v. Galindo, Tex.Civ. App., 189 S.W.2d 12; Krause v. Krause, Tex.Civ.App., 186 S.W.2d 106; Davis v. Roach, Tex.Civ.App., 138 S.W.2d 268. Since the husband is an incompetent witness to a will under which his wife receives benefits, the will must fail for lack of two necessary witnesses, unless some other rule avoids that result.

The appellees turn to Article 8296 as the expression of a legislative intent to save such wills by sacrificing the benefits to the attesting witness. The pertinent part of the article states:

"Should any person be subscribing witness to a will, and be also a legatee or devisee therein, if the will cannot be otherwise established, such bequest shall be void, and such witness shall be allowed and compelled to appear and give his testimony in like manner as if no such bequest had been made."

Lockstedt, the husband, was the subscribing witness, but he was not a legatee or devisee. He does not fall within the express terms of the statute which would render him competent but destroy a bequest. The object of Article 8296, was to remove the disqualification of a witness by reason of interest which partially survives in the form of Article 3716. After we have considered every appealing reason to so construe Article 8296 liberally to admit the testimony of a husband-party to the suit, the fact still recurs that he is a party under the express exclusionary effect of Art. 3716. A husband's testimony, when a party, has consistently been rejected as incompetent, however remote may be his interest in his wife's separate estate. There are no more compelling reasons to write into Article 8296 the words, "or the husband of a legatee or devisee," as a means to raise the exclusionary curtain, than there is to write into Article 3716 the words, "Provided, however, the husband may testify, though joined as a party with his wife whose separate estate is involved." The courts have refused to so interpret Art. 3716, or to infer the suggested words.

Ridgeway v. Keene, Tex.Civ.App., 225 S.W.2d 647, 649, discussed this precise question in these words:

"Likewise subject to exclusion, we think, was the testimony of Roy C. Hecox, subscribing witness and husband of Marybelle Keene Hecox, a beneficiary, despite the fact that he was not a party to the proceedings; the act of attesting a will constituting a transaction with decedent, Martin v. McAdams, 87 Tex. 225, 27 S.W. 255; Leahy v. Timon, 110 Tex. 73, 215 S.W. 951. Hecox was not a legatee and hence not within purview of art. 8296, supra; reasons underlying the husband's disqualification as a witness where wife is an heir, but not the latter if similarly situated, are discussed and explained in Davis v. Roach, Tex.Civ. App., 138 S.W.2d 268. See also Krause v. Krause, Tex.Civ.App., 186 S.W.2d 106, and Garcia v. Galindo, Tex.Civ.App., 189 S.W.2d 12."

In 1 Page on Wills (Lifetime Ed.), Sec. 339, the author states that some jurisdictions refuse to extend such statutes as Art. 8296 beyond their express terms, and "hence that they do not make such husband or wife a competent witness." The section states further that some jurisdictions have construed the statute so as to save the will by sacrificing the gift to the incompetent witness. The several precedents which support the last stated liberal view are distinguished in Rockafellow v. Rockafellow, 192 Ark. 563, 93 S.W.2d 321, and also in Gamble v. Butchee, 87 Tex. 643, 30 S.W. 861, 863. The point was urged in each of the cases that the husband and wife are one, even as to the wife's separate property, and under the doctrine of unity of the spouses, the disqualification of a husband as a witness is also a disqualification of the wife. In effect, the same argument is here urged, that we should treat the phrase "legatee or devisee" in Article 8296, as including also the husband of such legatee or devisee. If they be treated as one, the removal of the testimonial disqualification of the legatee or devisee would carry with it also the removal of the husband's disqualification. Gamble v. Butchee, supra, has repudiated the doctrine of unity. The Court there construed Article 8296, then Art. 4872. The point was urged that a husband who by the will was a legatee, would constitute also the wife a legatee under the intent of the statute. It was urged that the wife, being the attesting witness and standing in the shoes of the legatee, must cause a forfeiture of the legacy as the price to qualify her as a witness under the statute. Speaking about the very statute here concerned, the Court, stated: "The fact that the husband is a legatee does not constitute the wife a legatee, nor impose upon the husband who is such legatee the forfeiture of the legacy, under a will witnessed by her, which would be consequent upon his being such witness and legatee." Hence, the doctrine of merger was repudiated and the will was saved without sacrificing the bequest to the husband. We now are urged to treat the husband who attested the will as though he were the "legatee or devisee" under Article 8296, since his wife was the legatee.

In our opinion, the statute has already been construed by the Supreme Court so that the words "legatee or devisee" mean just that, and not the spouses of the legatee or devisee. The fact that the express terms of Article 3716 exclude the testimony of a "party" and that term embraces the husband but not the wife, does not change the meaning of Article 8296, so that we can give it one meaning in the case of the wife and a different meaning in the case of the husband, when the statute itself speaks of neither the husband nor wife, of the legatee or devisee. Accord: Caesar v. Burgess, 10 Cir., 103 F.2d 503; Fisher v. Spence, 150 Ill. 253, 37 N.E. 314; Fearn v. Postlethwaite, 240 Ill. 626, 88 N.E. 1057; Sullivan v. Sullivan, 106 Mass. 474, 8 Am. Rep. 356; Hodgman v. Kittredge, 67 N.H. 254, 32 A. 158; In re Knapp's Will, 102 Vt. 143, 146 A. 253; 68 C.J., Wills, Sec. 325; Bruce v. Shuler, 108 Va. 670, 62 S.E. 973, 35 L.R.A.,N.S., 686, 693; Contra: Kaufman v. Murray, 182 Ind. 372, 105 N.E. 466. The cause must be reversed because the proof of the will fails to show that there were two competent witnesses, and Article 8296 fails to save it by sacrificing the bequest to the attesting witness, since he was not a legatee or devisee.

■ Counsel for appellees, in arguing to the jury, argued the effect of Article 3716. Appellants' objection to the argument was overruled. We regard the comments as improper argument. Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291; Brackenridge v. Roberts, 114 Tex. 418, 267 S.W. 244, 270 S.W. 1001; Wiseman v. Robbins, Tex.Civ.App., 230 S.W.2d 371; Logsdon v. Segler, Tex.Civ.App., 225 S.W.2d 435; Cloudt v. Hutcherson, Tex.Civ.App., 175 S.W.2d 643. The cause must also be reversed by reason of the improper jury argument.

■ We find no merit in appellants' point that the evidence raised a presump-

tion that undue influence was practiced upon the testatrix since the scrivener of the will was also a beneficiary. To reach that conclusion it becomes necessary to accept all evidence favorable to their contentions and ignore that which is unfavorable. No good purpose would come from our repeating the evidence, but appellees copiously detail it in sixteen pages of their brief and fully demonstrate that the issue was correctly submitted to the jury, which found that there was no undue influence.

For the reasons stated in Scandurro v. Beto, Tex.Civ.App., 234 S.W.2d 695, the judgment is reversed and the cause remanded.