### In re ESTATE of Madeleine B. SMALL.
### Admin. No. 2507–70.

United States District Court, District of Columbia.

May 24, 1972.

————◆————

## MEMORANDUM AND ORDER

GESELL, District Judge.

An attorney unrelated to the deceased drew a will which nominated the attorney as executor and authorized that he be allowed ten percent for his services as executor which is the maximum fee the Court can allow pursuant to 20 D.C. Code 1705 (1967). In addition, the attorney was one of the two attesting witnesses. Section 18–104(a) of the D.C. Code (1967) provides that, with exceptions not here relevant,

> A beneficial devise, legacy, estate, interest, gift, or power of appointment of or affecting real or personal estate, given or made to an attesting witness to a will or codicil is void as to him and persons claiming under him. . . .

The question thus presented is whether the ten percent commission was, within the meaning of this section of the Code, a beneficial interest given to an attesting witness. This is a matter of first impression in this jurisdiction.

■ The all-inclusive language of § 18–104(a) establishes that the section was designed to cover any financial interest in an estate regardless of its label. The evident purpose was to give maximum effect to wills and at the same time to eliminate any financial incentive

which might taint the necessary objectivity of the attesting witness.[1]

■ The Code requires that the Court determine whether or not the ten percent commission was a beneficial interest at the time the will was witnessed, for it is at this time that the financial disinterestedness of the witness is of particular importance. *See* Manoukian v. Tomasian, 99 U.S.App.D.C. 57, 237 F.2d 211 (1956); Bordwell, The Statute Law of Wills, 14 Iowa L.Rev. 1 (1928). Thus the Court must evaluate the financial stake to the executor of the fixed fee at a time before the executor knew exactly how much of the fee would in reality be earned by legal work and how much, if any, would be surplus or gift.

■ At the time the will was witnessed, while the ten percent commission was fixed in amount, the amount of work to be done was uncertain. There was a definite financial value to a lawyer in such a fixed retainer, especially where, as here, the fee was set at the maximum percentage allowable by the Code. The commission was a guarantee of what could well be lucrative work and what in all probability would be fully compensated work. As such it was a species of "financial interest" which, like a life interest or a remainderman's interest, was uncertain in amount but which nevertheless was sufficient to prevent a witness from being financially disinterested in the will at the time it was witnessed.[2] This result appears to comport generally with the existing case law. Manoukian v. Tomasian, *supra*; Estate of Karabatian v. Hnot, 17 Mich. App. 541, 170 N.W.2d 166 (1961); Hughes v. McDaniel, 202 Md. 626, 98 A. 2d 1 (1953); 98 A.L.R.2d 1234, *et seq.*[3]

Therefore, pursuant to § 18–104(a), the Court finds that the fixed ten percent commission was a beneficial interest given to an attesting witness and is void as to the executor witness. In its discretion and pursuant to 20 D.C.Code § 1705 (1967), however, the Court has determined that the executor did sufficient work in probating the will to justify a commission of $8,500, and the Court will allow this as the proper commission.

So ordered.

1. There is no suggestion of any impropriety on the part of the attorney here but the sweep of a code provision must be recognized where it has a desirable prophylactic purpose and in probate strict absolute rules are particularly appropriate since the deceased is never present.

2. The fact that a fixed executor's fee constitutes a financial interest is confirmed by the language of section 20–1706 of the D.C.Code (1967) which provides that,

Where anything is *bequeathed* to an executor by way of compensation, an allowance of commission may not be made unless the compensation appears to the court to be insufficient. Where it is insufficient, it shall be reckoned in the commission to be allowed by the court. (Emphasis added.)

3. The executor has placed reliance on State ex rel. Schirmer v. Superior Court, 143 Wash. 578, 255 P. 960 (1927), which held that an executor, named in the will, but without a fixed compensation set in the will, could be a competent witness and should be paid for his services as provided by law, since "[a]ll he takes from the will is a nomination and appointment to office." The rationale of this decision, however, does not apply to a case such as the instant case, where the commission was set in the will itself at the maximum percentage allowable.