## M. M. COHN COMPANY *v*. HUTT.

### Opinion delivered October 28, 1918.

JUDGMENT—RES JUDICATA.—Where a cause was tried before a justice of the peace, and a judgment rendered for defendant, and plaintiff appealed to the circuit court, and then took a nonsuit and dismissed his appeal, the effect was to leave in force the judgment appealed from, which constitutes *res judicata* of the matters therein determined.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks*, Judge; affirmed.

*A. R. Cooper*, for appellant.

1. Plaintiff on appeal from justice of the peace judgment may in the circuit court take a nonsuit without prejudice to a new suit. The matter is not *res judicata*. 74 Ark. 539; 92 *Id*. 425; 35 *Id*. 448; 44 *Id*. 375; 36 *Id*. 651; Kirby's Digest, § § 4671-2. The judgment of the justice after appeal is not final nor is the cause of action merged. 35 Ark. 445; 44 *Id*. 375; 46 *Id*. 254; 74 *Id*. 539; 74 *Id*. 539.

The judgment of the justice is no bar. See 135 S. W. 658; 162 *Id*. 685; 84 Mo. 431; 70 N. W. 1101; 105 S. W. 988; 24 Cyc. 719; 9 Mo. 252; 18 *Id*. 118; 78 *Id*. 547; 64 Tex. 566; 65 *Id*. 395; 91 S. W. 1082; 105 *Id*. 988; 96 Ark. 181; 162 S. W. 687.

2. A nonsuit, whether voluntary or involuntary, is not a judgment upon the merits and will not support the plea of *res judicata*. Freeman on Judg., § 261; 1 McCrary, 436; 35 Ark. 62; 36 *Id*. 383; 47 *Id*. 120; 121 *Id*. 454; 128 *Id*. 492. Another suit may be brought. 121 Ark. 454; 96 *Id*. 181. See also Kirby's Dig., § 4683. The judgment of the justice is superseded by the appeal; it is not final but transferred to the circuit court and pends

there as if originally brought there. The judgment below should be reversed.

*Coleman & Gantt,* for appellee.

1. Since *Hill* v. *Steel,* 17 Ark. 440, the judgment of a justice becomes absolute unless the same is upset on appeal. K. & C. Digest, § 5393-4; 17 Ark. 440; 33 *Id.* 475; 45 *Id.* 373. The dismissal of an appeal restores the judgment below as if no appeal had been taken. 24 Cyc. 716 E; 57 S. W. 1095, 1101; 157 Mo. 565.

2. On dismissal of the appeal the justice's judgment becomes *res judicata* and no new suit can be brought. *Supra.*

Smith, J. The court below dismissed the complaint in this cause upon the plea of *res judicata.* In support of that plea, it was alleged, and proved, that appellant had instituted suit on the same cause of action before a justice of the peace of Jefferson County, and that upon a trial before the justice judgment was entered in favor of appellee. From this judgment an appeal was prosecuted to the circuit court. There a nonsuit was taken, and the following order was entered: "Comes the plaintiff, by his atorney, A. R. Cooper, and asks permission to take a nonsuit herein, which is granted, and plaintiff refusing to further prosecute his appeal herein, said appeal is therefore dismissed."

Thereafter suit was brought on the same cause of action in the Pulaski Circuit Court, in which the judgment was entered, from which the appeal now before us was taken.

The question for decision is whether, upon a nonsuit taken in the circuit court on appeal from the justice court, the judgment of the justice became final and therefore *res adjudicata* in the suit.

It is argued, in opposition to the action of the court below in sustaining the plea of *res judicata,* that, as trials in the circuit court of appeals from justice courts are *de novo,* such appeals should be tried as if brought

there originally, and that, if so tried, a right exists under the statute to bring a new suit within twelve months of a nonsuit taken.

It is true that a circuit court does not sit to review errors in a justice trial, but tries the case *de novo,* but it does not follow that a case reaching the circuit court on appeal is to be regarded as a case brought originally in the circuit court so far as the right to take a nonsuit is concerned. In the last mentioned case, there has been no adjudication of the rights of the parties, and the right of dismissal without prejudice is given by the statute, except in actions for the recovery of specific personal property where the property has been delivered to the plaintiff. But in the appeal cases, there is a final and enforceable judgment which determines the rights of the parties, and this judgment may be enforced notwithstanding the appeal if it has not been superseded, and it can only be superseded by the execution of a bond conditioned as required by law. These conditions are that the appeal will be prosecuted with diligence to a decision, and that, if on such appeal, the judgment of the justice is affirmed, or if, on a trial anew in the circuit court, judgment is given against appellant, he will pay such judgment and, if his appeal be dismissed, he will pay the judgment of the justice, together with the costs of the appeal. Section 4666, Kirby's Digest.

The appeal does not vacate the judgment of the justice, but only suspends its enforcement, if it is superseded. And when a plaintiff, who has failed to prevail in litigation before a justice of the peace, elects to dispose of one litigation on appeal by taking a nonsuit, or voluntary dismissal, he leaves in force and in effect the adverse judgment from which his appeal was taken, and that judgment is necessarily *res judicata* of the matters there determined.

Judgment affirmed.