FOWLKES *v.* CENTRAL SUPPLY COMPANY.

4-2965

Opinion delivered April 10, 1933.

*H. A. Midyett* and *Tom W. Campbell,* for appellant.
*Barber & Henry,* for appellee.

SMITH, J. On July 24, 1931, the Central Supply Company filed suit on an account against B. M. Fowlkes in a justice of the peace court for Jefferson Township, in White County, and on September 2, 1931, judgment was rendered therein in favor of Fowlkes. The plaintiff prayed and perfected an appeal to the circuit court, and at the January, 1932, term thereof entered a nonsuit "without prejudice to the right of bringing another suit." On February 4, 1932, the supply company filed a new suit on the same cause of action in the White Circuit Court, to which suit the defendant pleaded the justice judgment

in bar. This plea was overruled at the July, 1932, term of the circuit court, and judgment was rendered for the plaintiff for the amount sued for, from which is this appeal.

For the affirmance of this judgment, appellee says: "The sole question at issue is whether a nonsuit without prejudice is tantamount to a dismissal of an appeal so as to leave a judgment of a justice court still in full force and effect."

The case of *Brenard Mfg. Co.* v. *Pate,* 178 Ark. 163, 10 S. W. (2d) 489, is decisive of this question and of this case. It was there held, to quote a headnote, that, "Where a justice of the peace, in actions on certain notes, rendered judgments in favor of the defendant, and on appeal to the circuit court a nonsuit was taken by the plaintiff, the judgments were properly *held* to be *res judicata* in a second action on the same notes."

The attempt is made to distinguish the instant case from the Brenard case, *supra,* upon the ground that the instant case was dismissed without prejudice to the right to bring another suit, whereas the appeal in the Brenard case was dismissed unconditionally. This distinction is not, however, of controlling importance.

It was said in the Brenard case that judgments of justices of the peace adjudicating the rights of parties to causes over which they have jurisdiction are effective and valid until set aside in some manner provided by law. Their enforcement may be suspended by appeals to the circuit court, provided bonds for that purpose are given as required by law, but the judgments remain effective and decisive of the question adjudicated, notwithstanding the appeal, until they are reversed or set aside.

Now, if a justice judgment is a valid adjudication of a question within the jurisdiction of the justice court, it becomes final and conclusive of the question adjudicated, unless an appeal be taken within thirty days after the judgment was rendered, and the appeal must be taken within that time, and not thereafter. Section 6513, Crawford & Moses' Digest. Here an appeal was taken within the time limited, but that appeal was dismissed. It is true that appellee announced that this action was taken without prejudice to its right to bring another suit. But

this condition was ineffective. It had no right to impose a condition, for the reason that it contravened the provisions of the statute in regard to appeals from judgments rendered in justice courts. The plaintiff could not disregard the judgment of the justice of the peace as it attempted to do. The judgment was in force as an adjudication of the question in issue, and the plaintiff could not set this judgment aside and render it ineffective by bringing another suit. The right to sue and enforce payment of the demand upon which the suit was based had been adjudicated, and the remedy provided by law to review this judgment was by an appeal to the circuit court within thirty days after the judgment was rendered, and not thereafter.

More than thirty days after the rendition of the judgment the appeal was dismissed, and the plaintiff's attempt to reserve a right not permitted by law was abortive. The appeal having been dismissed, and the thirty days having expired within which to appeal, the justice judgment became conclusive of the issue in the case, and the plea of *res judicata* should have been sustained.

Appellee insists that it had the right to abandon its appeal from the judgment of the justice of the peace and to take a nonsuit without prejudice to a future action under § 1201, Crawford & Moses' Digest, which provides that an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. But this section has no application to suits reaching the circuit court on appeal from justice courts. It defines the practice in circuit and chancery courts and relates to suits brought in those courts. Here, before the nonsuit was taken, there had been a final submission of the cause to a court having jurisdiction thereof, and that jurisdiction had been exercised and a judgment rendered which determined the rights of the parties thereto. An appeal to the circuit court was the remedy provided by law for the review of the justice judgment, where, upon a trial in the circuit court, the cause would have been heard *de novo*. There was neither necessity nor authority to bring a new suit to obtain this *de novo* trial, and the judgment of the circuit court, from which

this appeal comes, must be reversed; and, as the cause of action upon which the judgment was rendered was concluded by the judgment of the justice court, the suit will be dismissed. It is so ordered.