ROCKAFELLOW *v.* ROCKAFELLOW.

4-4209

Opinion delivered April 6, 1936.

564

*Witt & Witt, Owens & Ehrman* and *E. L. McHaney, Jr.,* for appellants.

*Murphy & Wood,* for appellee.

JOHNSON, C. J. The purported last will and testament of Mrs. M. J. Rockafellow of Garland County, Arkansas, was on January 10, 1934, presented to and probated in common form before the probate court of Garland County. Mrs. Rose Scruggs and F. J. Carroll were the subscribing witnesses to the will, and they subscribed the necessary affidavit of due proof of execution. On January 13, 1934, William B. Rockafellow, appellee, here, instituted this contest of the will of Mrs. M. J. Rockafellow in the probate court of Garland County and joined as defendants thereto Charles A. Rockafellow, Nell M. Rockafellow, his wife, F. J. Carroll, and Helen Carroll, his wife, and Charles Francis Carroll, the son of F. J. and Helen Carroll.

Prior to the trial of the contest in the probate court, F. J. Carroll filed his renunciation of any interest under or by virtue of the terms of the will. The probate court upon a hearing of the contest determined that the instrument was the last will and testament of Mrs. M. J. Rockafellow. The will in substance provided, after directing that the testator's debts be paid: That no property should be sold or exchanged until three years after her death; it then made an outright gift to Charles A. Rockafellow of $20,000 providing that this was to reimburse him for the services he had rendered to her and for money he had paid out in her behalf, and for certain property which his father had directed that he should have after his mother's death. It further stated that he had worked for her for the past 25 years, looking after her property and business affairs, and had attended

to all the management of same, leasing her property, collecting her rents, and performing all such services for her, for which he had received only nominal remuneration. The will then recited that William B. Rockafellow and his wife had lived with Mrs. M. J. Rockafellow for many years, during all of which time she had furnished them food and clothing, and that she had made advancements to William B. Rockafellow in the amount of several thousand dollars, which debt she thereby canceled. The will then made bequests to Nell M. Rockafellow and Frances Rockafellow, the wives of Charles Rockafellow and William B. Rockafellow, respectively, in the sum of $1,000 each. The will then gave the residue of the estate, share and share alike to Charles A. Rockafellow and William B. Rockafellow. It also bequeathed a house and lot at 240 Whittington Avenue to Francis and Helen Carroll and provided that Charles A. Rockafellow should pay for the education of Charles Francis Carroll out of funds bequeathed to him.

Contestants appealed from the adverse judgment of the probate court to the circuit court of Garland County. Prior to the trial of the contest of the will in the circuit court, Helen Carroll, wife of the witness, F. J. Carroll, filed her renunciation of any interest under the terms of the will and thereupon her name was stricken from the record as a party defendant.

Upon trial of the contest proceedings in the circuit court, it was determined that F. J. Carroll was not a competent subscribing witness to the will of Mrs. M. J. Rockafellow, and there not being two other competent subscribing witnesses to the execution of said will, directed the jury to return a verdict in favor of contestants and from a consequent judgment this appeal comes.

Under the recited facts the legal query arises—was F. J. Carroll a competent subscribing witness to the will of Mrs. M. J. Rockafellow? This legal query will be considered from the following viewpoints: First, is a subscribing witness to a will rendered incompetent because designated therein as a beneficiary? Second, if not, is such subscribing witness rendered incompetent because his wife is designated in the will as a beneficiary?

As a preliminary to consideration of the questions propounded it may be said that every person of lawful age and of sound and disposing mind has the untrammeled right to dispose of his estate by will, subject only to well-defined limitations prescribed by law. *Taylor* v. *McClintock,* 87 Ark. 243, 112 S. W. 405; 28 R. C. L., title, Wills, § 10. Moreover, each State has the independent right to prescribe the circumstances and conditions under which a will may be executed. See *U. S.* v. *Fox,* 94 U. S. 315, 24 L. Ed. 192.

By the statutes of this State two subscribing witnesses to the execution of a will are necessary to its validity. In reference to attestation, subdivision four of § 10,494 of Crawford & Moses' Digest provides: "There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator."

Where one of the necessary subscribing or attesting witnesses to a will is a beneficiary therein, such bequest may be voluntarily released and thereby such subscribing witness becomes competent. Section 10,533 of Crawford & Moses' Digest provides: "If any person shall attest the execution of any will to whom any legacy or bequest is thereby given, and such person before giving testimony concerning the execution of such will shall have been paid, or have accepted or released, or shall refuse to accept such legacy or bequest upon tender thereof, such person shall be admitted as a witness to the execution of such will, and the credit of such witness shall be subject to the consideration of the court and jury," and by § 10,529 of Crawford & Moses' Digest such necessary subscribing witness may be compelled to so testify. This section provides: "If any person shall be a subscribing witness to the execution of any will wherein any beneficial devise, legacy, interest or appointment of real or personal estate shall be made to such witness, and such will cannot be proved without the testimony of such witness, such device, legacy, interest or appointment shall be void, so far only as concerns such witness, or any person claiming under him, and such person shall be a competent

witness, and may be compelled to testify respecting the execution of such will, in like manner as if no devise or bequest had been made to him."

From the statutes just quoted it definitely appears that the common-law incapacity of a necessary subscribing witness because of a bequest to him in the instrument has been removed, and that by virtue of said statutes such subscribing witness is now made competent unless an inconsequential bequest to the subscribing witness' wife incapacitates him. It follows from this that F. J. Carroll is a competent subscribing witness to the will of Mrs. M. J. Rockafellow unless the bequest to Helen Carroll, wife of the witness, F. J. Carroll, renders him incompetent.

Does the bequest to Helen Carroll render her husband, F. J. Carroll, incompetent as a subscribing witness?

Appellant contends that the bequest to Mrs. Helen Carroll is void by reason of §§ 10,529 and 10,533 of Crawford & Moses' Digest, cited *supra.* But if not, that the prohibition contained in § 4146 of Crawford & Moses' Digest inhibiting husband or wife testifying for or against each other has no application to the probation of a will and cite in support of these contentions: *Jackson, etc.* v. *Woods,* 1 Johns. Cas. (N. Y.) 163; *Jackson* v. *Durland,* 2 Johns. Cas. (N. Y.) 314; *Woodbury* v. *Executor of Collins,* 1 Desaus. (S. C.) 424; *Kaufman* v. *Murray,* 182 Ind. 372, 105 N. E. 466; *Lanning* v. *Gay,* 70 Kan. 353, 78 Pac. 810; and that when F. J. Carroll was tendered as a witness in the contest proceedings in the circuit court his wife was not a party thereto, nor interested in the subject-matter thereof. On the other hand appellee asserts the converse of appellants' contentions and cites *Sullivan* v. *Sullivan,* 106 Mass. 474, 8 Am. Rep. 356, and numerous other cases following its lead.

Under the Constitution and laws of this State, we believe neither line of cases cited by the respective parties have controlling effect. The New York cases cited and relied upon by appellants are grounded upon the common-law unity of husband and wife, and this rule has but little support under the Constitution and laws of this State. Section 7 of art. 9 of the Constitution of

1874 declares that the real and personal property of a *femme covert* in this State acquired either before or after marriage shall be and remain her separate estate so long as she may choose and may be devised or conveyed by her the same as if she were a *femme sole,* and that the same shall not be subject to her husband's debts. Following the lead of this constitutional mandate, legislation has been enacted from time to time by the Legislature of this State making further inroads into the common-law rule of unity of husband and wife. Section 5577 of Crawford & Moses' Digest being a fair example of the inroads thus accomplished. It provides: "Every married woman and every woman who may in the future become married shall have all the rights to contract and be contracted with, to sue and be sued, and in law and in equity shall enjoy all rights and be subjected to all the laws of this State, as though she were a *femme sole;* provided, it is expressly declared to be the intention of this act to remove all statutory disabilities of married women as well as common-law disabilities, such as the disability to act as executrix or administratrix as provided by § 6 of Kirby's Digest, and other statutory disabilities."

It may now be safely said that there remains only the skeleton of the common-law rule of unity of husband and wife in this State, and it follows that the legal reasoning upon which the New York cases and those which follow their lead are grounded do not exist under the Constitution and laws of this State; therefore, these cases are without controlling effect.

Neither can we agree with appellee's contention that *Sullivan* v. *Sullivan, supra,* and other cases following its lead are decisive of the question here under consideration. The Sullivan case is grounded upon statutory enactments of the State of Massachusetts. It is expressly pointed out in the opinion that, "* * * And the statutes removing the objections to the competency of witnesses on the grounds of interest and of the relation of husband and wife are expressly declared not to apply to attesting witnesses to a will or codicil."

By § 2 of the schedule to the Constitution of 1874 it is provided that in civil actions no witness shall be

excluded because he is a party to a suit or interested in the issues to be tried, and there is no saving clause in favor of husbands or wives as there appears to have been in the State of Massachusetts at the time the Sullivan case was decided. The only statutory limitation existing in this State against husbands and wives testifying for or against each other will be found in § 4146 of Crawford & Moses' Digest as amended by act 230 of 1931, and it provides: "All persons except those enumerated herein shall be incompetent to testify; * * * Third. Husband and wife, for or against each other, or concerning any communication made by one to the other during the marriage, whether called as a witness while that relation subsist or afterwards, but either shall be allowed to testify for the other in regard to any business transacted by the one for the other in the capacity of agent. * * *"

It definitely appears from the express terms of the statute quoted that in a civil action in this State all persons may testify except those expressly excluded, and husbands and wives being excluded rests upon the conditions therein expressed. In other words we construe this statute to mean that in civil actions husbands and wives are incompetent to testify for or against each other save on the conditions therein stated. Of course the conclusions here announced do not impair the rule of testimony in criminal cases between husbands and wives (see Jenkins v. State, 191 Ark. 625, 87 S. W. (2d) 78), as the rule in such cases rests upon other reasons. Is this rule applicable to the probate of last wills and testaments?

A civil action is defined by § 1028 of Crawford & Moses' Digest as follows: "A civil action is an ordinary proceeding in a court of justice by one party against another for the enforcement or protection of a private right, or the redress or prevention of a private wrong. It may also be brought for the recovery of a penalty or forfeiture." By § 1029 every other remedy in a civil case is a special proceeding, and in application of these sections we have held that guardianship proceedings are special. See Nelson v. Cowling, 89 Ark. 334, 116 S. W. 890.

Under constitutional provisions and statutes not materially different from ours, the Supreme Court of Kansas in *Lanning* v. *Gay, supra,* held, quoting from the headnotes. "1. A husband who is one of the subscribing witnesses to a will is not disqualified from giving testimony to establish its due execution before the probate court because of the fact that his wife is a legatee."

"2. The provisions of § 4771, Gen. St. 1901, which render a husband or wife incompetent to testify for or against each other in an action, except in certain cases, do not disqualify a husband from testifying before a probate court in a proceeding to establish a will in which his wife is named as a legatee."

We have reached the identical conclusion entertained by the Supreme Court of Kansas: that the probation of a will under the laws of this State is a special proceeding, and not a civil action, and that the inhibition contained in § 4146 has no application to such proceeding. It follows from this conclusion that a husband of a beneficiary in a will may be a competent subscribing witness thereto.

The next question which arises for consideration is the competency of the husband of a beneficiary in a will to testify as a witness in a contest of its validity. It is axiomatic that the competency or incompetency of any witness in a civil action arises only when such witness is introduced as such. See 28 R. C. L., § 35, p. 448.

At the time F. J. Carroll was offered as a witness in the contest proceedings in the circuit court—and this is the point of time when his competency must be determined—his wife was not a party to the suit and had no interest in the subject-matter thereof because she had previously disclaimed the testamentary bequest, and her name had been stricken as a party to the proceedings. We conclude, therefore, that F. J. Carroll was a competent witness and that the trial court erred in holding otherwise.

For the reasons stated, the cause must be reversed and remanded with directions to proceed with the contest of the will in conformity to law, and not inconsistent with this opinion.