Clara COLEMAN *v.* Cecil COLEMAN, Administrator

74-192                          520 S.W. 2d 239

Opinion delivered December 16, 1974
[Rehearing denied March 17, 1975.]

*Thomas D. Wynne Jr.* and *Frank W. Wynne,* for appellant.

*Navada C. Roberts,* for appellee.

JOHN A. FOGLEMAN, Justice. The sole point for reversal of this will contest is stated thus:

> Anderson Coleman's second will is offered as a counterclaim, and therefore, the statute of limitation is not applicable.

The factual background and the issue on appeal are concisely stated by appellant. Appellee apparently concedes the correctness of this statement. It is as follows:

> Anderson Coleman died on April 12, 1967. During his lifetime, he married twice. His first marriage was to Donar Coleman. On the 24th day of January, 1956, Anderson Coleman executed a will whereby Donar Coleman was to be devised certain property at his death. Donar Coleman pre-deceased Anderson Coleman and sometime after her death, Anderson Coleman married Clara Coleman. On the 4th day of November, 1966, Anderson Coleman executed a will whereby Clara Coleman was to be devised certain property at his death.

> On April 10, 1972, Cecil Coleman, a son of Anderson Coleman, filed a Petition to Probate Will and Appointment of Personal Representative and proffered the first will of Anderson Coleman. This was one day short of the running of the five-year statute of limitation for fil-

ing of a will. Order for Appointment of Executor was made by this Court on April 11, 1972.

Clara Coleman, second wife of Anderson Coleman, was given Notice to Surviving Spouse on April 10, 1972. Clara Coleman then petitioned to set aside the first will and the Order appointing Cecil Coleman executor of the estate. Petition set out that a second will existed and revoked the first will filed by Cecil Coleman.

Cecil Coleman by Reply alleged that the statute of limitation had run against the will offered by Clara Coleman and should not be probated.

On May 16, 1972, Clara Coleman filed Petition for Probate of Will and Appointment of Personal Representative and proffered the will of Anderson Coleman dated November 4, 1966.

The court found that the second will of Anderson Coleman was not timely filed and that it was barred by the five-year statute of limitation. That the first will of Anderson Coleman was timely filed but when the second will was made the first will was revoked and that the estate of Anderson Coleman, deceased, would pass by descent and distribution.

It was therefore so ordered by the court.

Clara Coleman contends that this cause was not original with her and the second will proffered by her is the same as a counterclaim and that the statute of limitation does not run against the counterclaim.

A summarization of appellant's argument is that the subsequent will offered for probate by her was not barred by the five-year statute [Ark. Stat. Ann. § 62-2125 (Repl. 1971)] because it was not asserted in an effort to obtain affirmative relief, but as a counterclaim against the will offered by Cecil Coleman. She contends that a counterclaim is not barred if pleaded as a defense to a cause of action asserted against the pleader, provided the counterclaim was not barred by the

statute of limitations when that cause of action arose. A ready answer to this contention is that the counterclaim statutes [Ark. Stat. Ann. § 27-1121, 1123, 1124 (Repl. 1962)] have no application to a proceeding to probate or contest a will.

It is quite true that the Probate Code of 1949 provides that procedure shall be the same as that followed in courts of equity. Ark. Stat. Ann. § 62-2004 (e) (Repl. 1971). We have uniformly applied such procedures in probate proceedings since *Werbe* v. *Holt,* 217 Ark. 198, 229 S.W. 2d 225. See also, *Umberger* v. *Westmoreland,* 218 Ark. 632, 238 S.W. 2d 495; *Price* v. *Price,* 253 Ark. 1124, 491 S.W. 2d 793. It is true that this court has been authorized by Ark. Stat. Ann. § 62-2007 (Repl. 1971) to prescribe rules of procedure in probate courts but it has never seemed necessary to do so, because the procedures of chancery courts, presided over by the same judges as the probate courts, have seemed adequate. But, even in a court of equity, the counterclaim statute would not apply in this type of proceeding, so it does not apply here.

A counterclaim is defined as a claim by a defendant against a plaintiff. Ark. Stat. Ann. § 27-1123, defining a counterclaim, is a part of the Civil Code of Arkansas, adopted in 1869. There are two types of proceedings under the Civil code. One is a civil action, the other is a special proceeding. Civil Code §2, Ark. Stat. Ann. § 27-105 (Repl. 1962). A civil action is an ordinary proceeding in a court of justice by one party against another for the enforcement or protection of a private right or the redress or prevention of a private wrong. Civil Code § 3, Ark. Stat. Ann. § 27-106 (Repl. 1962). It is commenced by the filing of a complaint and causing summons to be issued. Civil Code § 58, as amended, Ark. Stat. Ann. § 27-301 (Repl. 1962). The other type of proceeding is called a special proceeding. All proceedings not covered by the definition of a civil action are special proceedings. Civil Code § 4, Ark. Stat. Ann. 27-107 (Repl. 1962).

The pleading provisions of the civil code apply to the prosecution of actions both at law and in equity, but not in special proceedings. Civil Code §§ 13, 106, Ark. Stat. Ann. §§ 27-215 (Repl. 1962), 27-1102 (Repl. 1962).[1] Some

---

[1] Procedures for probate and contest of wills were separately set out in Civil Code, § 513.

proceedings in probate court are civil actions, e.g., proceedings by which a claim against the estate of a deceased person is reduced to judgment. *Bright* v. *Johnson,* 202 Ark. 751, 152 S.W. 2d 540. Others are special proceedings, not civil actions, so that the extension of exemption from the statute of limitations which applies to civil actions does not apply. *Nelson* v. *Cowling,* 89 Ark. 334, 116 S.W. 890. There are plaintiffs and defendants in civil actions only. Civil Code §§ 1, 2, Ark. Stat. Ann. § 27-201, 203 (Repl. 1962). Since a counterclaim can only be a claim by a defendant against a plaintiff, it can be asserted only in a civil action.

There is no right to contest a will, except as provided by statute. *Manning* v. *Manning,* 206 Ark. 425, 175 S.W. 2d 982. A will contest is not a civil action, but is a special proceeding. *Rockafellow* v. *Rockafellow,* 192 Ark. 563, 93 S.W. 2d 321. In *Rockafellow,* we held a statute making a spouse of a party in a civil action incompetent to testify inapplicable to a will contest for this reason.

There are no plaintiffs and defendants in a will contest, and it is not instituted by the filing of a complaint. This was the case in the Civil Code, which applied to probate courts only in civil actions and had separate provisions governing will contests. See Civil Code §§ 24, 806, § 513. While those provisions governing will contests have been superseded by the Probate Code of 1949, the nature of the proceedings has not.

The proceedings for probate of a will are governed by Ark. Stat. Ann. § 62-2101 et. seq. (Repl. 1971). The proceedings for contest of a will are governed by Ark. Stat. Ann. § 62-2113-2126 (Repl. 1971). Nowhere is there any indication that either proceeding is a civil action as distinguished from a special proceeding. There are no plaintiffs and defendants. No summons is required. The counterclaim statute simply has no application.

That is not to say that one offering a subsequent will has no rights. Such a person may object to the probate of a prior will. Ark. Stat. Ann. 62-2113, 2116 (Repl. 1971). The provisions of § 62-2116 (b) have particular application here.

It is there provided that:

> WHERE ONE WILL ALREADY ADMITTED OR ADMINISTRATION GRANTED. If, after a will has been admitted to probate or after letters of administration have been granted, a petition for the probate of a will of the decedent, not theretofore presented for probate, is filed, the court shall determine whether the former probate or the former grant of letters should be revoked and whether such other will should be admitted to probate or whether the decedent died intestate.

Thus it will be seen that in this case there were two issues, i.e., (1) should the probate of the former will be revoked and (2) should the subsequent will be admitted to probate. Under the provisions of Ark. Stat. Ann. § 62-2114 (Repl. 1971), a contest on the ground that another will has been discovered must be filed both (1) before final distribution and (2) within the time stated in Ark. Stat. Ann. § 62-2125. Sec. 62-2125 prohibits the admission of a will to probate unless application for its probate was made to the probate court within five years from the death of the testator, with certain exceptions, none of which apply here.

Appellant did not present the will she now asserts as the last will of Anderson Coleman within five years from the death of the testator. This was too late.

The judgment is affirmed.