435

SEARCY COUNTY *v.* Billy Joe HOLDER

74-198                               516 S.W. 2d 901

Opinion delivered December 23, 1974

*Matthews, Purtle, Osterloh & Weber,* for appellant.

*Jerry D. Patterson,* for appellee.

J. FRED JONES, Justice. This is an appeal by Searcy County from a circuit court judgment which reversed an order of the county court on appeal, and granted certain claims filed by the appellee Billy Joe Holder, as sheriff of Searcy County, which claims had been denied by the county court. On appeal to this court Searcy County has designated the points on which it relies for reversal as follows:

"... the court erred in allowing claims Nos. 11815, 11814, 11816 as they are barred by Arkansas Statutes Ann. § 27-2001 (Supp. 1973).

... the court erred in allowing the claims made for the deputy sheriff car expense in that such claims were not

proper and are not authorized by law."

We now discuss the assignments in the order designated and we shall confine our discussion to the designated points. As to the first point, Sheriff Holder filed claim No. 11611 and it was disallowed by the county court on May 1, 1973. He filed claims No. 11683 and 11753 and they were disallowed by the county court on June 29, 1973. On August 1, 1973, Sheriff Holder refiled the previously disallowed claims as claims No. 11814, 11815 and 11816. These claims filed on August 1, 1974, were disallowed by the county court on the same date they were filed, and Sheriff Holder perfected his appeal to the circuit court on January 30, 1974.

It was the county's contention that the six month statute of limitations for appeals from county court orders to the circuit court under Ark. Stat. Ann. § 27-2001 (Supp. 1973) started running from the date the claims were first denied by the county court, and that the appeal filed on January 30, 1974, was filed too late. It was the sheriff's contention that the appeal time under the statute, started running from August 1, 1973, when the claims were again denied by the county court. The circuit court agreed with the sheriff and rendered judgment accordingly and in so doing, we conclude that the circuit court erred.

The pertinent portion of § 27-2001 provides as follows:

"Appeals shall be granted as a matter of right to the circuit court from all final orders and judgments of the county court . . . at any time within six (6) months after the rendition thereof, . . . the clerk of the circuit court shall forthwith order an appeal to the circuit court . . . at any time within six (6) months after the rendition of any other judgment or order, and not thereafter."

When the time in which an appeal must be taken is fixed by statute, the provision which limits the time is jurisdictional in nature, and the appeal must be taken within the time designated. *Bank of El Paso* v. *Neal*, 181 Ark. 788, 27 S.W.2d 1024; *Camden Gas Corp.* v. *Camden*, 183 Ark. 583, 37 S.W.2d 74; *Edgmon* v. *Edgmon*, 193 Ark. 1076, 104 S.W.2d

452. See also *Titsworth* v. *Mayfield, Judge,* 241 Ark. 641, 409 S.W.2d 500.

As to the appellant's second point, claims No. 11817, 11818, 11910, 11967, 12178, 11265 and 11266 were filed by the sheriff for expenses for a deputy sheriff's car and were denied by the county court. The orders denying these claims were timely appealed to the circuit court and the circuit court rendered judgment therefor. It was the county's contention that there was no statutory authority for allowing these claims and it was the sheriff's contention that the claims were legitimate and should be paid under authority of § 64 of Act 610 of the Acts of the Legislature for 1973.

Act 610 is entitled "AN ACT to Fix the Salaries or Remunerations of the Sheriffs of the Various Counties of the State of Arkansas; and for Other Purposes." Section 64 of the Act pertains to Searcy County and provides as follows:

"(64) Searcy County — Salary or remuneration and Deputies as now provided by law, plus the further and additional sum of $4,800.00 for Deputy Hire, payable on a monthly basis out of the County General Fund, Sheriff's car expense of $3,600.00 annually payable on a monthly basis out of the County General Fund. Said Sheriff shall be allowed $4.00 per day per person for feeding prisoners.

Plus the further and additional sum of $4,800.00 for second Deputy hire, paid on a monthly basis out of County General Funds. A car furnished with radio equipment, shall be furnished by County for use of Sheriff's Department. Expenses for said car shall be paid from County General Fund.

Plus the additional hiring of part-time radio operator at the rate of $2,400.00 annually to be paid from excess fees and commissions.

All other excess fees and commissions shall be paid into the County General Fund."

It was the county court's position that the last two sentences in the second paragraph of § 64, *supra,* "A car furnished with radio equipment, shall be furnished by County for use of Sheriff's Department. Expenses for said car shall be paid from County General Fund," were the only authority the county had for paying expenses of a car for the sheriff's department; and, that the phrase "said car" referred only to a car belonging to, and purchased by, the county for use of the sheriff's department.

It appears from the abstract of the record that under a previous mandamus order from the circuit court, Searcy County had placed an order for an additional automobile furnished with radio equipment in compliance with § 64 of Act 610. It appears that pending delivery of the automobile, the sheriff substitued a privately owned automobile so equipped, for use in the department by one of the deputies, and that the claims were for gasoline used in connection with the operation of said automobile. The amounts or the integrity of the claims is not questioned.

We are of the opinion that the county court placed too narrow construction on the statutory authority for "furnishing a car" with radio equipment and that the circuit court did not err in the judgment it rendered on these claims.

The judgment is reversed as to claim No. 11814 in the amount of $490, claim No. 11815 in the amount of $645 and claim No. 11816 in the amount of $486. In all other respects the judgment is affirmed.

Affirmed in part; reversed in part.