Kenny WHITLOCK, Acting Commissioner,
Department of Human Services,
Division of Social Services *v.*
G.P.W. NURSING HOME, INC.

84-81                                       672 S.W.2d 48

Supreme Court of Arkansas
Opinion delivered July 9, 1984

*Moody & Nye,* by: *Debby Thetford Nye;* and *Carolyn Parham,* for appellant.

*Smith, Jernigan & Smith* by: *George O. Jernigan, Jr.;* and *Pickens, Boyce, McLarty & Watson,* by: *Wayne Boyce* and *Edward Boyce,* for appellee.

JOHN I. PURTLE, Justice. On judicial review of an administrative agency decision, the Jackson County Circuit Court reversed the agency by granting a default judgment to the appellee. We agree with appellants that it was error for the court to grant default under the circumstances.

Appellant Division of Social Services, a state agency, supervises the Medicaid program for the State of Arkansas. The appellee, G.P.W. Nursing Home, is a provider under the program. The division disallowed a claim made by appellee. After an administrative hearing the claim was again denied. The Division of Social Services made findings of fact and conclusions of law in which the agency's denial was upheld. Kenny Whitlock, acting Commissioner, Department of Human Services, adopted the hearing officer's decision. Appellee filed an instrument in the circuit court entitled "complaint" and "petition for judicial review of an administrative decision." In the body of the pleading it is stated: "Petitioner files this appeal pursuant to the provisions of Ark. Stat. Ann. § 5-713 . . ." Appellee subsequently filed a petition to stay the administrative action and also caused summons to be issued and served upon Kenny Whitlock. The summons was served on March 21, 1983. The appellants did not file a timely answer. However, the certified transcript of the administrative proceeding and a response was filed within the time allowed by the court. The court granted default because the agency did not answer within twenty days.

The question presented in this appeal is whether an administrative agency is bound to file an answer to a complaint, which is in the nature of a petition for review, filed in circuit court. The Administrative Procedure Act (APA), Ark. Stat. Ann. §§ 5-701 through 5-715.3 (Repl. 1976 and Supp. 1983), is controlling in this matter. The act provides that any person who considers himself injured by the final action of an agency shall be entitled to judicial review. The review proceedings shall be instituted by "filing a petition" in the circuit court. Filing the petition does not automatically stay enforcement of the agency decision. Subsection (d) of Ark. Stat. Ann. § 5-713 states in part as follows:

Within thirty (30) days after service of the petition, or within such further time as the court may allow, but not exceeding an aggregate of ninety (90) days, the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the

proceeding under review. By stipulation of all parties to the review proceedings, the record may be shortened.

Regardless of the title of the pleading filed in the circuit court by the appellee, its contents and the relief sought clearly reveal it was a petition for review of the final decision of an administrative agency. *Little Rock Land Co. v. Raper,* 245 Ark. 641, 433 S.W.2d 836 (1968). When a party chooses to proceed pursuant to the APA he is bound by the procedures set out therein and is not entitled to a jury trial. *Jones v. Reed,* 267 Ark. 237, 590 S.W.2d 6 (1979). Appellee contends ARCP Rules 1 and 81 (a) allow it to proceed on the complaint as provided by Rules 12 and 55 (a). We hold that the APA procedure for judicial review (Act 434 of 1967 as amended by Act 704 of 1979) is an exception to the rules of civil procedure in Rule 81 (a) which states:

> These rules shall apply to all civil proceedings cognizable in the circuit, chancery, and probate courts of this State except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply.

It is obvious that the legislature and this court intended for the APA to be one of those exceptions to the rules of civil procedure. The appellants met the requirement of Ark. Stat. Ann. § 5-713 (d) by filing the original or a certified copy of the record of the proceeding under review. Therefore, an answer was not required.

The decision of the trial court is reversed and the case is remanded with directions to proceed in accordance with the provision of the APA.

Reversed and remanded.