Melvin Mayfield, Judge. Appellant Shirley Wilson filed a complaint in Forrest City Municipal Court against C & M Used Cars seeking damages for breach of contract. After a trial held January 17, 1990, the municipal court awarded appellant damages in the amount of $1,040.00 plus interest, and on March 7, 1990, appellee appeáled to circuit court. On April 8, 1992, the circuit court entered an order in Shirley Wilson Plaintiff v. C & M Used Cars Defendant, CIV 90-71, which stated: “The above cause is hereby dismissed for lack of prosecution.” A dispute arose between the parties as to the effect of this dismissal, and on September 2, 1992, appellee C & M filed a “Motion to Clarify Order of Dismissal.” In its motion, appellee stated that appellant took the position that the effect of the case being dismissed is that the lower court judgment is affirmed, but the appellee took the position that the “Plaintiff’s cause of action has been dismissed.” Appellee asked the court to enter an amended order dismissing “Plaintiff’s cause of action for lack of prosecution.” In an order entered July 8, 1993, the trial court held that the dismissal of the cause of action was a “dismissal without prejudice in accordance with Rule 41(b), A.R.C.P.” and that the dismissal terminated the action, and the municipal court judgment “became invalid or set aside” by the order of dismissal. Appellant argues on appeal that the circuit court erred when it dismissed the case without prejudice in accordance with Rule 41(b), and in holding that the dismissal terminated the action and that the judgment of the municipal court became invalid or set aside by the dismissal. Appellant argues that the court should have relied on Inferior Ct. R. 9 and affirmed the municipal court judgment. That rule provides: (d) Supersedeas Bond. Whenever an appellant entitled thereto desires a stay on appeal to circuit court in a civil case, he shall present to the inferior court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. The bond shall be to the effect that appellant shall pay to appellee all costs and damages that shall be affirmed against appellant on appeal; or if appellant fails to prosecute the appeal to a final conclusion, or if such appeal shall for any cause be dismissed, that appellant shall satisfy and perform the judgment, decree, or order of the inferior court. . . . The appellee argues the case was properly dismissed pursuant to Ark. R. Civ. P. 41(b), which provides that an involuntary dismissal is without prejudice to a future action by the plaintiff. Appellee says appellant’s proper remedy is to refile her lawsuit within one year of dismissal and that Rule 9 applies only to those cases in which there is a supersedeas bond. In January 1994, we certified this case to the Arkansas Supreme Court, pursuant to Ark. Sup. Ct. R. l-2(a)(3), as a case involving the construction of the rules of civil procedure and the inferior courts. Certification was refused and the case was returned to this court for decision. We first note that the “Motion to Clarify Order of Dismissal” filed on September 2, 1992, has given us some concern with regard to the trial court’s authority to interpret an order entered more than 90 days earlier. However, we do not think there is a lack of jurisdiction involved, and each party has invoked the court’s assistance to determine the controversy. Moreover, because the September 1992 pleading is in substance a petition for declaratory judgment, we treat it accordingly. Authority for a declaratory judgment as to the rights of parties under a final judgment entered by a court is found in the cases of Minne v. City of Mishawaka, 240 N.E.2d 56 (Ind. 1968); National-Ben Franklin Fire Insurance Co. v. Camden Trust Co., 120 A.2d 754 (N.J. 1956); and Aetna Life Insurance Co. v. Martin, 108 F.2d 824 (8th Cir. 1940). We agree with appellant’s argument that the trial court erred when it dismissed the case pursuant to Rule 41(b) and held that the municipal court judgment was invalid or set aside by the dismissal. As early as 1885, the Arkansas Supreme Court held that a dismissal in circuit court of an appeal from a justice of the peace court has no effect on the judgment from the inferior court which “stands until it is set aside by the superior court.” Burgess v. Poole, 45 Ark. 373, 375 (1885). And, in Brenard Manufacturing Co. v. Pate, 178 Ark. 163, 165, 10 S.W. 489, 489 (1928), our supreme court held that nonsuits taken in circuit court of cases appealed from justice of the peace courts amounted to dismissals of the appeals, and when that was done, the judgments of the justice of the peace courts were left in force as if no appeal had been taken. See also M.M. Cohn Co. v. Hutt, 136 Ark. 185, 206 S.W. 130 (1918). Brenard, supra, was followed in Fowlkes v. Central Supply Co., 187 Ark. 201, 58 S.W.2d 922 (1933). In that case, Central Supply filed suit on an account against Fowlkes in a justice of the peace court which rendered judgment in favor of Fowlkes. Central Supply appealed to circuit court which entered a non-suit “without prejudice to the right of bringing another suit.” •Central Supply then filed a new suit on the same cause of action in circuit court where Fowlkes pleaded that the justice of peace judgment was res judicata-, however, the circuit court overruled this plea and entered judgment for the supply company. The issue on appeal to our supreme court was whether a nonsuit without prejudice is tantamount to a dismissal of an appeal so as to leave a judgment of a justice court in force. Our supreme court held it is. The court stated: Appellee insists that it had the right to abandon its appeal from the judgment of the justice of the peace and to take a nonsuit without prejudice to a future action under § 1201 [sic], Crawford & Moses’ Digest, which provides that an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. But this section has no application to suits reaching circuit court on appeal from justice courts. It defines the practice in circuit and chancery courts and relates to suits brought in those courts. Here, before the nonsuit was taken, there had been a final submission of the cause to a court having jurisdiction thereof, and that jurisdiction had been exercised and a judgment rendered which determined the rights of the parties thereto. An appeal to the circuit court was the remedy provided by law for the review of the justice judgment, where, upon a trial in the circuit court, the cause would have been heard de novo. There was neither necessity nor authority to bring a new suit to obtain this de novo trial, and the judgment of the circuit court, from which this appeal comes, must be reversed .... 187 Ark. at 203-04, 58 S.W.2d at 923-24. (We point out that the above citation makes reference to § 1201, Crawford & Moses’ Digest. This is an error, which is corrected in the headnote of the case, and should have been § 1261. Section 1201 related to set-off; section 1261 related to dismissal by the court. Section 1261 was codified as Ark. Code Ann. § 27-1405, which was superseded by the enactment of the Arkansas Rules of Civil Procedure. See Compilers Note’s to Ark. Code Ann. § 27-1405 (Repl. 1979), which states “See Rule 41, ARCP.”) The same rule would apply to a municipal court. In United Loan & Investment Co. v. Chilton, 225 Ark. 1037, 1039, 287 S.W.2d 458, 459 (1956), the court explained the jurisdiction of justice of the peace and municipal courts as follows: A municipal court, like a justice of the peace court, is a court of limited and restricted jurisdiction. Bynum v. Patty, 207 Ark. 1084, 184 S.W.2d 254. In construing the foregoing sections of the Constitution in State ex rel. Moose v. Woodruff, 120 Ark. 406, 179 S.W. 813, this court held that while the language of Art. 7, Sec. 43, was not meant to confine the jurisdiction of municipal courts to such jurisdiction as might always be exercised by justices of the peace, “it was meant as authority for the Legislature to confer such jurisdiction upon municipal courts as might under the Constitution be conferred upon justices of the peace.” Further, the principles announced in Fowlkes, supra, have been applied to an appeal from a municipal court. In Watson v. White, 217 Ark. 853, 233 S.W.2d 544 (1950), James Watson brought suit against E. White in municipal court for damages arising out of an automobile accident. White filed a cross-complaint seeking damages to his car as a result of the accident. Municipal court entered judgment for Watson in the amount of $100, and White appealed to circuit court which directed a verdict in White’s favor. White was then allowed to dismiss his cross-complaint without prejudice, and on appeal our supreme court, citing Fowlkes, held that the taking of the non-suit in such circumstances was tantamount to a dismissal of the cross-complaint with prejudice. See 217 Ark. at 859, 233 S.W.2d at 547. We think it is clear that an appeal from a municipal court judgment to circuit court is a continuation of the municipal court action and Arkansas Rule of Civil Procedure 41(b), which applies to original actions in circuit court, does not apply to an appeal from municipal court so as to vest circuit court with the authority to dismiss the cause of action without prejudice. We also believe that Inferior Court Rule 9 supports our .view. Subsection (d) of this rule states that, “if such appeal for any cause be dismissed, that appellant shall satisfy and perform the judgment, decree, or order of the inferior court.” (Emphasis added.) Although subsection (d) concerns supersedeas bonds, it is nonsensical to say that an appellant on appeal from an inferior court has to satisfy a judgment if it has put up a supersedeas bond but not otherwise. Therefore, we find that the circuit court erred in holding that its dismissal of the case appealed from municipal court terminated the action and caused the municipal court judgment to be invalid or set aside. We hold that the dismissal in circuit court simply did away with the appeal and left the municipal court judgment valid and enforceable. The order appealed from is reversed and set aside. Pittman and Robbins, JJ. agree.