Greta SOSEBEE *v.* COUNTY LINE SCHOOL DISTRICT

94-318                                   897 S.W.2d 556

Supreme Court of Arkansas
Opinion delivered May 8, 1995
[Rehearing denied June 12, 1995.*]

*Brown, J., would grant rehearing.

*Mitchell, Blackstock & Barnes*, by: *Clayton R. Blackstock*, for appellant.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Dan F. Bufford* and *Brian Allen Brown*, for appellee.

DAVID NEWBERN, Justice. This is a Teacher Fair Dismissal Act case. See Ark. Code Ann. §§ 6-17-1501 through 6-17-1510 (Repl. 1993). The Act provides for an appeal to circuit court of a school board's decision to dismiss a nonprobationary teacher. It allows a circuit court to take "[a]dditional testimony and evidence . . . to show facts and circumstances showing that the termination or nonrenewal was lawful or unlawful." § 6-17-1510(d). The main issue before us is whether the Act creates a special proceeding or one in which the Arkansas Rules of Civil Procedure apply. Ark. R. Civ. P. 81(a). We hold the Rules apply.

Greta Sosebee, the appellant, was a nonprobationary teacher, having been employed for eleven years by the appellee, County Line School District (the District). *See* § 6-17-1502(a)(2) and (b). On May 1, 1992, her teaching contract was renewed for the 1992-1993 school year. On May 22, 1992, the District Superintendent recommended that Ms. Sosebee's 1992-1993 contract be terminated due to alleged absences and instances of tardiness. The School Board for the County Line School District held a hearing on June 25, 1992, and voted in favor of terminating the contract.

Section 6-17-1510(d) requires an appeal to circuit court of a school board decision be taken within 75 days of the date of

written notice of the board's action. On September 4, 1992, which was within the 75-day period, Ms. Sosebee appealed the decision to the Franklin Circuit Court. She claimed the District violated the Teacher Fair Dismissal Act, its own personnel policies, and her Fourteenth Amendment right to due process of law. Ms. Sosebee voluntarily nonsuited her case on January 13, 1993. The Trial Court's order was as follows: "Plaintiff has informed the Court she is nonsuiting this case and the case is, therefore, dismissed without prejudice."

On October 12, 1993, Ms. Sosebee filed another notice of appeal which, unlike her initial notice, contained no mention of deprivation of constitutional rights. The District moved to dismiss, claiming the notice had not been filed within 75 days of the Board's decision. The District argued the Act contained no provision which would allow refiling after a voluntary nonsuit and that Ark. R. Civ. P. 41(a) was inapplicable. On December 8, 1993, Ms. Sosebee filed an amended notice of appeal, this time including her constitutional claim. At a later time on that same date, the order granting dismissal, which had been signed days earlier, was filed. Ms. Sosebee then moved to set aside the dismissal, contending the court had not been aware of her amended notice.

Ms. Sosebee claims her case should not have been dismissed for three reasons; (1) Rule 41(a) permitted the dismissal without prejudice, (2) Ark. Code Ann. § 16-56-126 (1987) allows her to refile her case within one year, and (3) even if her appeal pursuant to the Act is barred, her due process claim should not have been dismissed because it was brought within the three years allowed by the statute of limitations applicable to such a claim. Ark. Code Ann. § 16-56-105 (1987). She is correct on the first two points. We discuss the third point having to do with constitutional claims only to the extent of pointing out that they were not mentioned in her second notice of appeal, were not brought to the attention of the circuit court, and are not before us as a part of that which was dismissed.

## 1. Special proceedings

Ms. Sosebee contends the Arkansas Rules of Civil Procedure, and thus Rule 41(a) in particular, apply to the case pursuant to Ark. R. Civ. P. 81. Rule 81(a) states:

Applicability in General. These rules shall apply to all civil proceedings cognizable in the circuit, chancery, and probate courts of this State except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply.

█ The Rules thus apply to a proceeding unless a statute, which creates a right, specifically provides for different procedure. Ms. Sosebee argues the right in question in this case is the right to sue for a breach of contract which is rooted in common law even though her contract was created pursuant to the Teacher Fair Dismissal Act. She also argues the Rules apply because, even if the Act were held to create a right, it does not specifically provide a procedure "different" from the nonsuit without prejudice procedure found in Rule 41(a).

█ Since the advent of our original Civil Code, there have been two types of proceedings in Arkansas law. One is a civil action; the other is a special proceeding. *Coleman* v. *Coleman*, 257 Ark. 404, 520 S.W.2d 239 (1974). The Arkansas Rules of Civil Procedure apply to civil actions. Rule 2. A civil action is an ordinary proceeding in a court of justice by one party against another for the enforcement or protection of a private right or the redress or prevention of a private wrong. *Id.* It may also be brought for the recovery of a penalty or forfeiture. *Rockafellow* v. *Rockafellow*, 192 Ark. 563, 93 S.W.2d 321 (1936). All proceedings not covered by the definition of "civil action" are special proceedings. *Garrett* v. *Andrews*, 294 Ark. 160, 741 S.W.2d 257 (1987).

In *Weidrick* v. *Arnold*, 310 Ark. 138, 835 S.W.2d 843 (1992), we held Ark. R. Civ. P. 3 superseded statutory provisions purporting to govern the procedure for commencing a medical malpractice action. In the process of reaching that decision it was necessary for us to consider whether the medical malpractice action had been made a "special proceeding" as that term is used in Rule 81(a).

An action brought pursuant to the Medical Malpractice Act of 1979, as amended, now codified at Ark. Code Ann. §§ 16-114-201 through 16-114-209 (1987 and Supp. 1993), was a much better candidate for "special proceeding" status than the Teacher Fair Dismissal Act. The Medical Malpractice Act provided not

only the means of commencing the action, but it dealt with burden of proof, the means of alleging damages, regulation of expert witnesses, and costs in the event of "false and unreasonable pleadings." In contrast, the Teacher Fair Dismissal Act only states a time limit for appealing to a circuit court which may then take evidence and decide whether a school board's action was "lawful or unlawful." No special rules are provided.

We held the medical malpractice action was not a special proceeding, however, because the basis of the action "did not originate as a right, remedy, or proceeding created legislatively; it had its origins at common law." We pointed out that the action was recognized long before the enactment of the legislation in question and then said:

A Reporter's Note to Rule 81(a) provides this commentary on the Rule 81(a) exception: "The exception would be those proceedings established by statute and the statute prescribes a different procedure." That is precisely correct. The Rule 81(a) exception is limited to special proceedings created exclusively by statute where a special procedure is appropriate and warranted. It was never the intention of this court to accede to the General Assembly on matters of civil procedure for civil actions.

Just as we observed roots of medical malpractice actions long antedating the statute in the *Weidrick* case, we observe very thick and long breach of contract roots extending from the Teacher Fair Dismissal Act. We said as much in *Springdale Sch. Dist.* v. *Jameson*, 274 Ark. 78, 621 S.W.2d 860 (1981). In that case, Michael Corso had unsuccessfully sought redress before the Springdale School Board pursuant to the Teacher Fair Dismissal Act for nonrenewal of his teaching contract. He filed a notice of appeal in circuit court in which he alleged that the Springdale School District violated the Teacher Fair Dismissal Act and the Arkansas Teachers' Salary Law. The Springdale District moved to dismiss and, in the alternative, to transfer to chancery. Both motions were denied, and the Springdale District sought a writ of prohibition. We denied the writ on the ground that the Circuit Court had jurisdiction because the action was for "an alleged breach of a contract implied by law." Although that was a misstatement, as the reference should have been to breach of a con-

tract implied in fact, we most certainly found the action to be, as Ms. Sosebee describes it in this case, "rooted" in contract.

Before departing from this point, we refer to *Wilson* v. *C & M Used Cars*, 46 Ark. App. 281, 878 S.W.2d 427 (1994), which has been cited by the District in support of its position that the dismissal in this case was with prejudice. A municipal court awarded damages to Shirley Wilson in a breach of contract action. C & M Used Cars appealed to circuit court which dismissed the appeal for lack of prosecution. Later the court entered an order proclaiming that the dismissal had been without prejudice in accordance with Rule 41(b) and that the municipal court order "becàme invalid or set aside" by the order of dismissal. The Court of Appeals reversed and correctly held that the judgment of a municipal court remains effective on appeal to circuit court. Arkansas R. Inf. Ct. 9 provides for a supersedeas bond in such cases on appeal.

The Court of Appeals based its decision on *Watson* v. *White*, 217 Ark. 853, 233 S.W.2d 544 (1950), and *Fowlkes* v. *Central Supply Co.*, 187 Ark. 201, 58 S.W.2d 922 (1933). In the *Fowlkes* case, Central Supply Co. sued Mr. Fowlkes in a justice of the peace court where judgment was rendered in favor of Mr. Fowlkes. Central Supply Co. perfected its appeal to circuit court and then declared it was taking a nonsuit without prejudice. It then refiled its suit in circuit court. Mr. Fowlkes pleaded *res judicata*, but his plea was overruled, and judgment was entered for Central Supply Co. On appeal we held the dismissal was with prejudice and the justice court judgment was entitled to *res judicata* status. We recognized the statutory right, now found in Rule 41, of a claimant to dismiss without prejudice in most circumstances but held it did not apply in appeals from justice courts. In the *Watson* case, we applied the same holding to dismissal of a counter claim.

The *Wilson* case, the *Watson* case, and the *Fowlkes* case all involved appeals from a lower court to a circuit court. All involved the issue of preservation of a lower court's judgment in the face of an appeal which had been dismissed. The case now before us is about a very different sort of appeal. There was no court judgment of any sort on appeal to a circuit court. Rather, we have on appeal a decision by none other than one of the parties to the litigation, *i.e.*, the County Line School District. There has been no

prior adjudication of Ms. Sosebee's claim. Although the circuit court may take into consideration the record of the administrative proceedings, it is apparent that a trial of the claim may ensue, with evidence presented by the parties. No doubt the Rules of Civil Procedure will have to be used for that purpose, just as they were apparently used as the bases of pleadings and discovery in the case now before us. The first adjudication between the parties was in the Franklin Circuit Court.

We are unwilling to say that, just because § 6-17-1510(d) refers to a nonprobationary teacher's exclusive judicial remedy as an "appeal" to circuit court, it becomes a special proceeding. Using the terminology of Rule 81(a), we hold that the right being pursued by Ms. Sosebee was not created by the Teacher Fair Dismissal Act. While that Act provides administrative procedures for pursuit of a nonprobationary teacher's breach of contract claim preceding an appeal to circuit court, once the matter is before a circuit court, no procedures are prescribed other than by the Arkansas Rules of Civil Procedure. The Rules apply.

### 2. Savings statute

From the decision that Rule 41(a) permitted the voluntary nonsuit without prejudice, it follows that § 16-56-126 allows the appeal to be refiled within one year. The Statute provides, in pertinent part:

> If any action is commenced within the time respectively prescribed in this act, in 16-116-101 — 16-116-107, in 16-114-201 — 16-114-209, or in any other act, and the plaintiff therein suffers a nonsuit, or after a verdict for him the judgment is arrested, or after judgment for him the judgment is reversed on appeal or writ of error, the plaintiff may commence a new action within one (1) year after the nonsuit suffered or judgment arrested or reversed.

The District argues, without citation to authority, that § 16-56-126 is not applicable because Ms. Sosebee's appeal to the circuit court is not an "action" as the term is used in the statute. That is reiteration of the special proceeding argument dealt with above.

The District also contends that the 75-day limit for appeals is not a statute of limitation but is a jurisdictional require-

ment and outside the scope of § 16-56-126, citing *Searcy County v. Holder*, 257 Ark. 435, 516 S.W.2d 901 (1974). There it was held that Sheriff Holder's claims for expenses were barred because he failed to appeal a county court denial of the claims within six months as required by law.

Unlike that of Sheriff Holder, Ms. Sosebee's initial appeal was timely.

### 3. Constitutional claims

Finally, Ms. Sosebee contends her action should not have been dismissed because her notice of appeal also contained allegations that her rights to due process had been violated. As the applicable statute of limitation, § 16-56-105, allows three years for a constitutional claim, she contends her deprivation of constitutional rights complaint was erroneously dismissed because the 75-day notice of appeal requirement does not apply to such a claim and Rule 41(a) permits her to take a nonsuit of it without prejudice to refiling it.

Although, technically speaking, Ms. Sosebee amended her second notice of appeal to include her constitutional rights deprivation claim prior to the filing of the order of dismissal, she did not do so prior to the time the judge signed the order of dismissal. The constitutional claim in her first notice was nonsuited. There is no evidence whatsoever that the constitutional issue was brought to the Court's attention prior to the order of dismissal being signed and filed of record. We do not reverse a trial court for having failed to consider a matter which was not brought to his or her attention by the party seeking to have it considered. *Bell* v. *Estate of Bell*, 318 Ark. 483, 885 S.W.2d 877 (1994); *City of Ft. Smith* v. *Driggers*, 305 Ark. 409, 808 S.W.2d 748 (1991). We make no ruling on the viability of the constitutional claim at this point. We say only that it does not form a basis of any issue presently before us.

Reversed and remanded.

Special Justice BILL R. HOLLOWAY joins in this opinion.

HOLT, C.J., and BROWN, J., dissent.

GLAZE, J., not participating.

ROBERT L. BROWN, Justice, dissenting. The opinion handed down today represents a major shift with far-reaching impact. For the first time, we have applied the Rules of Civil Procedure to appeals from school board actions on teacher dismissals. That runs directly counter to the express language of Ark. Code Ann. § 6-17-1510 (Repl. 1993). This is analogous to applying the Rules of Civil Procedure to judicial review of administrative decisions which we have refrained from doing in the past. *See Wright* v. *Arkansas State Plant Bd.*, 311 Ark. 125, 842 S.W.2d 42 (1992); *Whitlock* v. *G.P.W. Nursing Home, Inc.*, 283 Ark. 158, 672 S.W.2d 48 (1984). That, however, is the next logical step under the rationale of today's opinion.

The statutory language at issue is this:

> (d) The exclusive remedy for any nonprobationary teacher aggrieved by the decision made by the board shall be an appeal therefrom to the circuit court of the county in which the school district is located, within seventy-five (75) days of the date of written notice of the action of the board. Additional testimony and evidence may be introduced on appeal to show facts and circumstances showing that the termination or non-renewal was lawful or unlawful.

Ark. Code Ann. § 6-17-1510 (Repl. 1993). The clear language is that these are *appeals* and that they must be filed within 75 days of notice of the board action.

The majority's opinion would have it that a notice of appeal from school board action is an original civil action commenced in circuit court for breach of contract. It is not. Rule 2 of the Arkansas Rules of Civil Procedure refers to one form of action known as "civil action" filed in chancery or circuit court. Under our statutes, "civil action" is defined more precisely as "an ordinary proceeding in a court of justice by one (1) party against another for the enforcement or protection of a private right or the redress or prevention of a private wrong. A civil action may also be brought for the recovery of a penalty or forfeiture[.]" Ark. Code Ann. § 16-55-102(a)(2) (1987). An appeal is a different procedure as we all know. It represents a complaint to a higher tribunal to correct the injustice done or error committed by the inferior tribunal. *Black's Law Dictionary*, p. 96 (6th Ed. 1990).

The effect of today's decision is to rewrite the statute. "Appeal" now becomes "civil action for breach of contract." The 75-day time frame is apparently eliminated altogether. It is replaced by the statute of limitations prescribed for civil actions by the General Assembly, as well as the Savings Statute (Ark. Code Ann. § 16-56-126 (1987)). This is not a case where a civil action — medical malpractice — is involved, and one of our rules of civil procedure supersedes a legislative act. *See, e.g., Weidrick* v. *Arnold,* 310 Ark. 138, 835 S.W.2d 843 (1992). Rather, in this case the majority opinion changes the teacher-appeal statute and *applies* the civil procedure rules to an administrative appeal.

Teacher appeals to circuit court are special proceedings expressly excepted from the Rules of Civil Procedure and have always been treated as such. Rule 81(a) states:

> (a) Applicability in General. These rules shall apply to all civil proceedings cognizable in the circuit, chancery, and probate courts of this State except in those instances where a statute which creates a right, remedy or proceeding specifically provides a different procedure in which event the procedure so specified shall apply.

That is precisely what we have in the case before us — a statute creating a different proceeding. The fact that evidence may be introduced in these appeals does not convert them into original actions. Evidence may also be taken in circuit court concerning alleged procedural irregularities before an administrative agency in any administrative appeal under the Administrative Procedure Act. *See* Ark. Code Ann. § 25-15-212(g) (Repl. 1992). We certainly have not deemed judicial review of administrative actions to be original actions, as already indicated in this dissent. *See Wright* v. *Arkansas State Plant Bd., supra; Whitlock* v. *G.P.W. Nursing Home, Inc., supra.*

The majority's attempt to distinguish the Court of Appeals case, *Wilson* v. *C & M Used Cars,* 46 Ark. App. 281, 878 S.W.2d 427 (1994), is not successful. That case clearly holds that Ark. R. Civ. P. 41(b) pertaining to nonsuits is inapplicable to appeals from municipal court to circuit court. The reasoning of the Court of Appeals was that Rule 41(b) did not apply to a continuation of the municipal court action but only to "original actions in circuit court." 46 Ark. App. at 286, 878 S.W.2d at 429. An administrative appeal does not qualify.

In my judgment, both parties in this litigation will rue the day that civil procedure rules were applied to these matters because flexibility is lost, appeals will be delayed, and the proceedings by necessity will become more cumbersome. That inures to the benefit of neither the teacher nor the school district. Moreover, Ms. Sosebee has not lost her constitutional claim of deprivation of due process. She still has time to commence a civil action on this basis within three years from the board action. *See, e.g., Casada* v. *Booneville School Dist. No. 65*, 686 F. Supp. 730 (W.D. Ark. 1988).

There is a scene in *Through the Looking-Glass* where this colloquy occurs between Alice and Humpty Dumpty:

> "When *I* use a word," Humpty Dumpty said in rather a scornful tone, "it means just what I choose it to mean — neither more or less."

> "The question is," said Alice, "whether you *can* make words mean so many different things."

I believe in this instance the language of § 16-17-1510(d) is clear. We should withstand the temptation to have an "appeal" mean an original "civil action." I respectfully dissent.

HOLT, C.J., joins.